McVoy, Respondent, vs. Oakes and others, Receivers, Appellants.

*September 30 — October 22, 1895.*

*Railroads: Negligence: Injury to child: Contributory negligence.*

Where defendants' servants, knowing that a boy seven years old was walking beside a moving train and holding with one hand one of the brake rods, recklessly and wantonly increased the speed of the train in such a way as to jerk him from his feet and throw him under the cars, their conduct constituted actionable negligence without reference to how the boy came to be in such situation.

APPEAL from an order of the superior court of Douglas county: CHARLES SMITH, Judge. *Affirmed.*

The appeal is from an order overruling a general demurrer to the complaint. The defendants are the receivers of the Northern Pacific Railroad Company. The complaint, in addition to appropriate allegations to show the liability of the defendants if plaintiff is entitled to recover at all, alleges, in substance, that on the 4th day of October, 1893, plaintiff's ward, a little boy seven years of age, while on his way home from school, had traveled out of the public way along the railway track for some distance, on account of such way being obstructed by defendants' train of cars, when he climbed upon one of the cars by invitation of the conductor, and was induced by such conductor to remain on such car while the train moved several hundred feet; that the cars stopped, and the boy then jumped off on the side furthest from his home, and, as the cars moved back, he walked along the side of the train on a path commonly used and traveled by the public by consent of the defendants; that while so walking he took hold of one of the brake rods, and proceeded in that way for a distance of 500 feet; that defendants' servants saw him as he was walking with the moving train, with one hand holding the brake rod, and recklessly and wantonly caused the

train to be propelled at a rapid and increasing rate of speed, in such a way as to violently jerk him from his feet and throw him under the cars and injure him.

For the appellants there was a brief by *Ross, Dwyer & Hanitch*, attorneys, and *John C. Spooner*, of counsel, and oral argument by *Louis Hanitch*. They contended, *inter alia*, that the invitation of the conductor of the gravel train to the boy to come upon the cars and ride was entirely outside of the scope of his authority, and defendants are therefore not liable for the injury to the boy if it was caused by the conduct or acts of the conductor in influencing him to be about the cars. *Wright v. Wilcox*, 19 Wend. 343; *New Orleans, J. & G. N. R. Co. v. Harrison*, 48 Miss. 112; *Duff v. A. V. R. Co.* 91 Pa. St. 458; *Flower v. Pa. R. Co.* 69 id. 210; *Railway Co. v. Bolling*, 59 Ark. 395; *Bowler v. O'Connell*, 162 Mass. 319; *Eaton v. D., L. & W. R. Co.* 57 N. Y. 382; *Waterbury v. N. Y. C. & H. R. R. Co.* 17 Fed. Rep. 671. In order to hold the defendants upon the allegations in the complaint it must be held that, because the conductor or engineer did not stop this work train when they saw the boy walking alongside the train, they were guilty of gross negligence and of wilfully injuring the boy; for he was a trespasser when he took hold of the rod, even though the path would have given him a license to be there. *Hestonville P. R. Co. v. Connell*, 88 Pa. St. 520; *Gauley v. P., C. & St. L. R. Co.* 98 id. 498; *Chicago & N. W. R. Co. v. Smith*, 46 Mich. 504; *Chicago, B. & Q. R. Co. v. Stumps*, 55 Ill. 367, 371, 372; *S. C.* 69 id. 409.

For the respondent there was a brief by *McHugh, Lyons & McIntosh*, and oral argument by *T. E. Lyons*. They argued, among other things, that there is sound reason and respectable authority holding that the conductor of a freight or gravel train has implied power to invite or permit third persons to ride upon his train, so as to establish the relation of passenger and carrier and render the master liable for

the negligent performance of its duty as carrier. *Whitehead v. St. L., I. M. & S. R. Co.* 6 L. R. A. 409; *Shoemaker v. Kingsbury,* 12 Wall. 369; *Wilton v. Middlesex R. Co.* 107 Mass. 108; *St. Joseph & W. R. Co. v. Wheeler,* 35 Kan. 185; *Lake Shore & M. S. R. Co. v. Brown,* 123 Ill. 162; *Sherman v. H. & St. J. R. Co.* 72 Mo. 64; *Hepfel v. St. P., M. & M. R. Co.* 49 Minn. 263; *Hart v. West Side R. Co.* 86 Wis. 483; *Waterbury v. N. Y. C. & H. R. R. Co.* 17 Fed. Rep. 671; *Philadelphia & R. R. Co. v. Derby,* 14 How. 468; *Chicago & A. R. Co. v. Michie,* 83 Ill. 427. The defendants' servants had actual knowledge of the boy's presence and owed him the duty of exercising reasonable care for his safety under the circumstances. *Lynch v. Nurdin,* 41 Eng. C. L. 422; *Railroad Co. v. Stout,* 17 Wall. 657; *Union P. R. Co. v. McDonald,* 152 U. S. 262; *Kansas P. R. Co. v. Whipple,* 39 Kan. 531; *Indianapolis, P. & C. R. Co. v. Pitzer,* 25 Am. & Eng. R. Cas. 313; *Gunderson v. N. W. E. Co.* 47 Minn. 161; *Townley v. C., M. & St. P. R. Co.* 53 Wis. 626; *Johnson v. C. & N. W. R. Co.* 56 id. 274; *Whalen v. C. & N. W. R. Co.* 75 id. 654; Cooley, Torts, 303. Granting that the boy was a trespasser, the defendants' servants were bound to exercise reasonable care for his safety after discovering him in a position of danger. *Davies v. Mann,* 10 Mees. & W. 546; *Benton v. C., R. I. & P. R. Co.* 55 Iowa, 496; *Valin v. M. & N. R. Co.* 82 Wis. 1; *Kansas P. R. Co. v. Whipple,* 39 Kan. 531; *Omaha & R. V. R. Co. v. Cook,* 42 Neb. 577, 905; *Grand Trunk R. Co. v. Ives,* 144 U. S. 429; *Union P. R. Co. v. McDonald,* 152 id. 262; *Locke v. St. P. & P. R. Co.* 15 Minn. 355; *Woodard v. West Side St. R. Co.* 71 Wis. 625; *Hepfel v. St. P., M. & M. R. Co.* 49 Minn. 263.

MARSHALL, J. According to the allegation of the complaint, defendants' servants, with knowledge that the plaintiff's ward, a boy of such tender years that he could not be

held to a very high degree of care, too young certainly to be held guilty of contributory negligence as a matter of law, was in a dangerous situation, recklessly and wantonly gave speed to the moving train, and suddenly jerked the child from his feet and threw him under the cars. It needs no argument or citation of authority to support the proposition that such conduct, under the circumstances alleged, constitutes actionable negligence. We do not deem it necessary to consider how the boy happened to be in the position he was at the time of the injury. Without any reference to how he came to be in such situation, defendants' servants at least owed to him the duty not to knowingly, recklessly, and wantonly injure him.

*By the Court.*— The order of the superior court is affirmed, and the cause remanded for further proceedings according to law.

The care required of railroad companies to prevent injury to small children upon the track is the subject of an extensive note to *Bottoms v. S. & R. R. Co.* (114 N. C. 699) in 25 L. R. A. 784.— REP.