CASE 73.—ACTION BY JOHNNIE DAVIS' ADMINISTRATOR AGAINST THE OHIO VALLEY BANKING & TRUST CO. FOR NEGLIGENT DEATH OF PLAINTIFF'S INTESTATE.—January 15.

# Davis' Admr. v. Ohio Valley Banking & Trust Co.

Appeal from Henderson Circuit Court.

J. W. HENSON, Circuit Judge.

Judgment for defendant, plaintiff appeals — Reversed.

1. Negligence—Action—Petition—Sufficiency.—A petition alleging that decedent was killed by the gross negligence of defendant, its agents, servants, and employes while conducting and managing a passenger elevator, was sufficient; plaintiff not being required to state the circumstances or details of the injury, so as to show that it was caused negligently, or to state facts showing that decedent was not negligent.

2. Same—Passenger Elevator Accident—Liability.—Though one owes a trespasser no duty respecting injury, except to prevent injury to him after his peril is discovered, a boy riding on top of a passenger elevator, with the knowledge and at least implied consent of the operator, was not a trespasser, and, being killed through the operator's failure to exercise ordinary care, the operator's employer is liable.

Davis' Admr. v. Ohio Valley Banking & Trust Co.

3. Same—Contributory negligence of Infant—Degree of Care Required.—A 12-year-old boy's contributory negligence in riding on top of a passenger elevator and attempting to get off through an opening in the shaft does not necessarily defeat recovery for his death, caused by a negligent starting of the elevator, he being bound to exercise only the discretion reasonably expected of children of his age.

4. Master and Servant—Injury to Third Person—Servant's Negligence—Unauthorized Act.—The owner of a passenger elevator can not escape liability for the negligent killing of a boy who was permitted to ride on top of the elevator by the operator, on the ground that the operator was unauthorized to grant such permission.

5. Same.—Where death was caused by a passenger elevator operator's negligence, his employer can not be held negligent because the operator was a boy; the employer being held to the same degree of accountability as if the operator had been a careful and experienced man, and its liability not being tested by the operator's age, understanding, or fitness.

W. P. McCLAIN for appellant.

QUESTIONS DISCUSSED AND AUTHORITIES CITED.

1. Sufficiency of plaintiff's petition and amendments thereto, and errors of the court sustaining demurrers to same. (2 Chitty's Pleading, p. 650; Childs v. Drake, 2 Metcalfe, p. 146; Childs v. Drake, 74 Am. Dec.; Watson on Damages, Pleading and Practice, section 698, p. 829, and notes; Benham v. Taylor, 66 Mo. App., p. 308; Johnson v. St. Paul, etc., R. R. Co., 31 Minn., 283; Louisville, C. & L. R. R. Co. v. Case' Admr., 72 Ky., —; 9 Bush, p. 732; Rogers' Admr. v. Hughes, etc., 81 Ky., p. 187; Webb on Elevators, 2d Ed., p. 252, and cases there quoted; Springer v. Schultz, 105 Ill., 68 N. E., p. 752; Watson on Damages, Pleading and Practice, section 698, p. 830; Wilson Ry., etc., v. Williams, 22 Ky. Law Rep.,, 557; L. & N. R. R. Co. v. Wolfe; L. & N. R. R. Co. v. Mitchell, 87 Ky., 334; Pierce on Railroads p. 393; Turnpike Co. v. Maupin, 79 Ky., 101; 2 Chitty on Pleading, 358, note E.)

2. Negligence of appellee. What is negligence?

(1) Employment of incompetent motorman exposing a dangerous machine.

(2) Leaving same unprotected.

(3) Reckless use of machinery. Person being invited upon the premises of another. The degree of care to be exercised. (Flynn

vol. 127—51

Davis' Admr. v. Ohio Valley Banking & Trust Co.

v. Central R. R. Co., 142 N., 439; Bremer v. Pleiss, 101 Wis. 61, 98 N. W., 945.  Webb on Elevators, 2d Ed., p. 225, section 143.)

(3) Is an elevator a dangerous machine?  Was this particular elevator a dangerous machine?  Is it a machine to attract—and did it appeal to childish curiosity and instincts?  Such machines are an attraction to children.  (Pekin v. McAnoy, 134 Ill., 144; Siddal v. Jansen, 168 Ill., 43; Harper v. Kopp, 73 S. W., 1128; Louisville Ry. Co. v. Esselman, 93 S. W., 52; 1 Thompson on Negligence, section 1042, 1037; Bransom's Admr. v. Labrot, 81 Ky., 538; Ball v. Middlesboro Town & Lands Co., 68 S. W.; 1 Thompson on Negligence, 304-5, and authorities there cited; Mullaney v. Spence, 15 Abb. Pr. N. S., 319; Treadwell v. Whittier, 80 California; Bransom's Admr. v. Labrot, etc., 81 Ky., 639.)

3. Contributory negligence.  Can a boy of the age of the decedent be guilty of contributory negligence?  Question for jury. (Shearman & Redfield on Negligence, 5th Ed., vol. 1, p. 106; City of Owensboro v. York's Admr., 77 S. W. 1130, 25 Ky. Law Rep. 1397, 1439; Ky. Hotel Co. v. Camp, 97 Ky., 425; Houston & T. R. Co. v. Bulger, 80 S. W., 557; Evans v. Josephine Mills, 46 S. E. 674, 119 Ga., 448; Lafferty v. 2d Ave. R. Co., 68 N. E. 1118, 176 N. Y. 594; Dubiber v. City & Ry. Co., 75, p. 693; Parker v. Washington Elec. St. R. R. Co., 56 A. 1001, 207 Penn. 738; Ford, etc., v. Paducah City Ry., 29 Ky. Law Rep., 753; Paducah & Memphis R. R. Co. v. Hoehl, 12 Bush, pp. 46 and 49; Belfontain Ry. Co. v. Snider, 24 Ohio; Hone v. Mammoth Min. Co., 75 p. 381, Am. Digest, vol. 1904—A. p. 3358; Dick v. L. & N. R. R. Co., 23 Ky. Law Rep., part first, p. 1068.)

4. The rights of trespassers and licensees—The right of trespasser to recover.  Question for jury.  (Leavitt v. Mudge Shoe Co., 69 N. H. 597, 45 Atl. Rep. 558; Lackatt v. Lutz, 94 Ky., 287; Chicao etc., Co. v. Collins, 45 Ill. App., 478; Webb on Elevators, 2d Ed., p. 236, section 150; Shearman & Redfield on Negligence, 5th Ed., vol. 1, pp. 153-4, section 99; Erickson v. St. Paul, etc., R. R. Co., 41 Minn. 500, 43 N. W. 332; Shearman & Redfield on Negligence, 5th Ed., vol. 2, pp. 851-3, section 483; Pittsburg, C., C. & St. L. Ry. Co. v. Lewis, 18 Ky. Law Rep., 957; L. & N. R. R. Co. v. Collins, 2 Duvall, 116; L. & N. R. R. Co. v. Sickings, 5 Bush, 4; L. & N. R. R. Co. v. Filbren, 6 Bush, 575; L., C. & L. R. R. Co. v. Mahoney, 7 Bush, 239; L. & N. R. R. Co. v. McCoy, 81 Ky., 414-415; L., C. & L. R. R. Co. v. Sullivan, 81 Ky., 630-631; 1 Addison on Tests, p. 495; I. C. R. R. Co. v. Wilson, by, etc., 23 Ky. Law Rep., part 1, pp. 684-6.)

LOCKETT & WORSHAM for appellee.

YEAMAN & YEAMAN of counsel.

## POINTS AND AUTHORITIES.

1. The petition, as amended, shows that appellant's intestate was a bare licensee, or trespasser, in riding on the top of the elevator, and in trying to get off through an opening in the elevator shaft. (Thornton v. L. & N. R. R. Co., 24 Ky. Law Rep., 854; L. & N. R. R. Co. v. Thornton, 22 Ky. Law Rep., 78; Dalton's Admr. v. L. & N. R. R. Co., 22 Ky. Law Rep., 97; C. & O. R. R. v. Barbour's Admr., 93 S. W., 24, and cases cited therein.)

2. Deceased occupying that position, and plaintiff failing to allege that the defendant could by ordinary care, after discovering his peril, have avoided injuring him, no cause of action is stated. Defendant was entitled to judgment on the pleadings. ( Civil Code, section 386; Evans v. Stone, 80 Ky., 70.)

3. The court at the conclusion of plaintiff's evidence rightly directed a verdict for the defendant. There was no evidence that the elevator boy induced deceased to ride on top of the elevator, and none that he knew deceased was in the act of leaving it when he started the elevator which killed the deceased. (C. & O. v. Barbour's Admr., 93 S. W., 24.)

4. The elevator boy was not expressly authorized to carry persons on top of the elevator. His employment to run it gave him no implied authority to do so. (Wood on Master & Servant, 2d Ed., section 279, p. 5524; Lackett v. Lutz, 94 Ky., 387.) And his master is not liable for his unauthorized acts.

5. In voluntarily riding upon the top of the elevator, and attempting to get off through the opening in the shaft, Davis contributed to his death and can not recover. His age, 12 years and 9 months, and does not exempt him from the consequences of his own negligence. ( P. & M. R. R. Co. v. Hoehl, 12 Bush, 41; Givens' Admr. v. K. C. R. R., 12 Ky. Law Rep., 950; L. & N. v. Webb, 99 Ky., 332; City of Covington v. Bramlege, 14 Ky. Law Rep., 395.)

6. Running an elevator is a legal and necessary business, and if it be dangerous to careless and immature persons that does not bring it within the principle of the "Turntable cases." (Harris v. Cowles, 197 Am. St. Rep., 847; Buch v. Amory Mfg. Co., 76 Ib., 164.)

7. The defendant owed no higher duty to the deceased than is due from a carrier of passengers to those whom they undertake to carry. (Am. & Eng. Ency., vol. 10, p. 906; Am. St. Rep., 56, p. 804; Hotel Co. v. Camp, 93 Ky., 424.) And it is a question

whether it owed any more than reasonable care for the safety of persons using the elevator. (Edwards v. The Mfrs. Builders Co., 114 Am. St. Rep., 37.)

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

Alleging that his intestate, Johnnie Davis, a boy about 12 years of age, was killed by the negligence of the servants of appellee in operating an elevator in its building, this suit was brought by the administrator to recover damages for his death. The petition charged that decedent lost his life "by the gross negligence of the defendant, its agents, servants, and employes while conducting and managing the said elevator." In amended petitions it was alleged that the decedent at the time of his death was, by the consent, knowledge, and permission of the agents and servants of defendant, riding on top of the elevator, and was there for the purpose of carrying dinner to his sister, who was employed in one of the office rooms of the building in which the elevator was located, and while in this dangerous position was carried to the fourth floor of the building, and brought back to the first floor, when the elevator was stopped, and while it was standing, and decedent was in the act of getting off, the employes of defendant suddenly started the elevator, with the result before stated. The answer, after controverting generally the affirmative matter in the petition, pleaded contributory negligence on the part of the decedent. The original petition, to which a demurrer was sustained, was sufficient. It has been declared time and again by this court that in an action for personal injuries it is sufficient to charge in a general way that the injury or death for which the recovery is sought was caused

by the negligence of the defendant. The plaintiff is not required to state the circumstances or details under which the infliction of the injury was accomplished, in order to show that it had been occasioned by negligence, or to state facts showing that he was not guilty of negligence, thus anticipating the defense. An allegation of the extent of the injury, and the manner in which it was caused, has always been regarded as sufficient. Chiles v. Drake, 2 Metc. 146, 74 Am. Dec. 406; L., C. & L. R. Co. v. Case, 9 Bush, 728; L. & N. R. Co. v. Mitchell, 87 Ky. 327, 10 Ky. Law Rep. 211, 8 S. W. 706; L. & N. R. Co. v. Rains, 23 S. W. 505, 15 Ky. Law Rep. 423; W. A. Gains & Co. v. Johnson (Ky.) decided Nov. 20, 1907, and reported in 105 S. W. 381, 32 Ky. Law Rep. 58. Upon the conclusion of the evidence offered for appellant, the jury, by direction of the court, returned a verdict for appellee. This ruling makes it necessary to relate with some detail the evidence for the purpose of ascertaining whether or not the case should have gone to the jury.

The elevator is situated on the ground floor of the building. The elevator cage is constructed of iron openwork, through which any person might be seen, and the top of the elevator was also made of openwork, with probably a solid piece in the center of the top. A person in the elevator could plainly see through the openwork a person riding on the top of it. Immediately by the side of the elevator is a stairway leading to the upper stories of the building, and when the elevator is standing at the ground floor a person on top of the elevator can crawl through an open space in the net work surrounding the elevator shaft onto the stairway. The elevator was in charge of a boy, but the record does not show his age. In

the elevator with the operator was another boy. Johnnie Davis, who had been riding on top of the elevator, was in the act of crawling out, feet foremost, to the stairway, when the elevator, which at this moment was stationary on the ground floor, was suddenly started. His head was caught by the elevator in its upward movement, and almost severed from his body, death resulting instantly. The proof showed that Johnnie Davis was 12 years of age; that his sister was working in a telephone office in the building in which the elevator was located; and that he had gone there on the day of his death for the purpose of taking dinner to her, she being employed in one of the top stories of the building that could be conveniently reached by taking the elevator. The proof of one witness was that Johnnie Davis was in the act of getting off of the elevator, which was standing at the ground floor, through the opening in the shaft, when it suddenly started; by another witness, who had been looking at the elevator for a few minutes, that there were two boys in the elevator, and one on top of the elevator; that it went up to about the fourth story, and came down and stopped, and the boy on top of the elevator was in the act of getting out when the elevator boy started it and killed him. This witness said the boys in the elevator were laughing and talking to the boy on top of the elevator, that he heard them as the elevator went up and when it came down, that the boy on top did not try to get out until the elevator stopped. Another witness, who came in the building just as the accident happened, said he asked what was the matter, and the elevator boy said: "I have killed little Johnnie Davis, and didn't go to do it. We were just playing with the elevator, and he went to get off and got killed." The boy who was

in the elevator when the accident happened said that
John Gillum was the operator and that Johnnie Davis
was on top; that he went up to the second floor and
got on; that he could have seen him if he had been
looking, and heard him talking at the fifth floor. He
didn't know whether the boy operating the elevator
saw him when he started the elevator or not. It will
thus be seen that there was evidence conducing to
establish two propositions, first, that the operator was
a boy; second, that he knew Johnnie Davis was rid-
ing on top of the elevator just before he was killed,
and could have seen him in the act of getting off if
he had looked before starting it on its upward
journey.

Counsel for appellee insist that the little boy who
was killed was a trespasser, and that the operator
owed him no duty except to prevent injury to him
after his peril was actually discovered. The correct-
ness of this principle, as applied to trespassers, will
be conceded. It has been so adjudged in a number
of cases by this court (C. & I. Ry. Co. v. Barbour's
Adm'r, 93 S. W. 24, 29 Ky. Law Rep. 339; Davis v.
L. H. & St. L. Ry. Co., 97 S. W. 1122, 30 Ky. Law
Rep. 172), and we have no disposition to modify it.
But, under the evidence, Johnnie Davis, although rid-
ing in a dangerous place not intended or set apart
for passengers, was not a trespasser when he was
killed, or while riding on the top of the elevator. He
was there with the knowledge, and at least implied
permission and consent, of the operator. The oper-
ator may not have known that he was in the act of
escaping from the top of the elevator at the very time
it was started, but he did know he was there a few
moments before, and, knowing his perilous position,
it was his duty under the circumstances to have exer-

cised ordinary care for his safety. It would be a cruel and inhuman doctrine to announce that a person operating a dangerous instrumentality like an elevator might have actual knowledge of the fact that some person was riding on it in an unsafe place, where he was likely to be injured at any time, and yet not be responsible for his injury or death, on the theory that at the very moment of the accident, caused by his sudden starting of the machine, he did not actually know the person was yet in his perilous position, although he could have known it merely by looking in the direction. McVoy v. Oakes, 91 Wis. 214, 64 N. W. 748. Indeed we might with propriety say that, although Davis be treated as a trespasser, and the rule of nonliability be applied to him that was laid down in the Barbour and Davis cases, yet, under the facts, this case should have gone to the jury. A trespasser is not an outlaw, nor are persons upon whose premises he intrudes at liberty to kill or cripple him at pleasure. The same care must be taken to avoid injury to him after his peril is discovered as is exercised towards other persons. The peril of Davis was discovered when the operator knew he was riding on top of the elevator. With this knowledge, it was his duty to have exercised ordinary care to prevent injury to him. We may safely add that, when an employe in charge of a dangerous agency permits persons to take places or positions in or about it that are hazardous, and that he knows or should know may result in their injury or death, if they remain where they are, the master will be responsible if the servant fails to exercise ordinary care to prevent injury to them. Our attention is called by counsel for appellee to the case of Dalton's Adm'r v. L. & N. R. R. Co., 56 S. W. 657, 22 Ky. Law Rep. 97. Dalton, while riding on

a freight train with the consent of the persons in charge of it, was killed in a collision between the train he ,was riding on and another train.   In the course of the opinion, denying a recovery, the court said: ''The only obligation appellant owed to him was not to injure him after knowledge of his danger.   There is no allegation that anything was omitted which might have been done for the intestate's safety after the danger was discovered.''   The material distinction between the cases is that in the Dalton case, as well as in L. & N. R. R. Co. v. Thornton, 58 S. W. 796, 22 Ky. Law Rep. 778, and in Thornton v. L. & N. R. R. Co., 70 S. W. 53, 24 Ky. Law Rep. 854, nothing was omitted which might have been done in the exercise of ordinary care to prevent the injury after the danger was discovered.   In the case at bar the liability of appellee company grows out of the failure of its servant to exercise ordinary care to prevent injury to Johnnie Davis after his peril was discovered.   Whether it did or not exercise this degree of care was a question for the jury.

It is also insisted that appellant's intestate, in voluntarily riding on top of the elevator, and in attempting to get off through the opening in the shaft, was guilty of such contributory negligence as prevents a recovery.   It may be conceded that he was guilty of contributory negligence, but in determining the extent to which his contributory negligence affects his right to recover, his age must be taken into consideration.   A boy 12 years old is not held to the same degree of care as an adult.   The amount of contributory negligence that might as a matter of law defeat a recovery on the part of a grown person will not necessarily prevent a recovery by a child, as is settled by the following authorities and many others

that might be mentioned. Thus, in Shearman & Redfield on Negligence, vol. 1, section 73, it is said: "It is now settled by an overwhelming weight of authority that a child is held, so far as he is personally concerned, only to the exercise of such degree of care and discretion as is reasonably to be expected from children of his age." In Kentucky Hotel Co v. Camp, 97 Ky. 425, 17 Ky. Law Rep. 297, 30 S. W. 1010, which was a case to recover for injury to a boy, an instruction that "the jury ought not to find plaintiff contributed by negligence to the cause of his injury, unless they shall believe from the evidence that he failed to exercise that degree of care for his own safety which ordinarily careful and prudent children of his age, experience, and discretion are accustomed to observe under same or similar circumstances," was approved. In City of Owensboro v. York, 117 Ky. 294, 77 S. W. 1130, 25 Ky. Law Rep. 1397, which was an action to recover damages for the death of a boy 12 years of age, the court said: "It was a question for the jury to determine under all the facts whether the boy who was injured exercised such care and discretion as might be reasonably expected of one of his age situated as he was." The appellee company did not, of course, owe to Johnnie Davis the same care that would be demanded of it in the transportation of passengers. The extent of its duty in respect to passengers is very clearly set forth in Kentucky Hotel Co. v. Camp, supra. But it did owe him the duty heretofore pointed out of exercising ordinary care to protect him after his peril was discovered. The argument is made that the operator had no authority to permit the boy to ride on top of the elevator, and that if he did so he was acting outside the scope of his employment, and the master is not

responsible. The operator was placed in charge of the elevator, and what he did in connection with its operation was done under and by virtue of his employment. If he permitted the elevator to become overcrowded, or failed to close one of the doors at a landing, or in any other respect was careless or negligent, there would be no question about the liability of his employer; and we are unable to perceive the distinction between his acts in these respects and in letting a person ride on the elevator in a place not intended for passengers.

It is earnestly insisted by counsel for appellant that appellee was guilty of negligence in permitting a boy to manage the elevator. It seems entirely probable that, if the operator had been a grown person, and competent, in place of a thoughtless boy, the accident would not have happened; but whether or not the operator was qualified to discharge the duties of the place is not a material inquiry, under our conception of the law of the case. The operator was placed in charge of the elevator by appellee. It thus assumed responsibility for his acts. If he permitted boys to play on the elevator, or ride on it in dangerous places, his employer must be held to the same degree of accountability as if the person in charge of the elevator had been a careful and experienced man. The liability of appellee is to be tested in this particular case, not by the age, understanding, or fitness of its employe, but by his acts. The principal questions in this case are (1) whether or not the operator actually knew that Johnnie Davis was on top of the elevator; (2) if he did, could he by the exercise of ordinary care have prevented injury to him; (3) although the operator knew, or by the exercise of ordinary care could have known, these

facts, appellee is not liable if Johnnie Davis, by his negligence, measured by the standard heretofore laid down, contributed to his death to such an extent that, except for his negligence, it would not have happened.

Wherefore the case is reversed, with directions for a new trial in conformity with this opinion.