# BEUTLER *v.* GRAND TRUNK JUNCTION RAIL-
WAY COMPANY.

## CERTIFICATE FROM THE CIRCUIT COURT OF APPEALS FOR
THE SEVENTH CIRCUIT.

No. 194.  Submitted March 6, 1912.—Decided March 18, 1912.

Courts may not abolish an established rule of law upon personal notions. of what is expedient; and so as to the fellow-servant doctrine even if it be, as it has been called, a bad exception to a bad rule.

In cases tried in the United States courts the court must follow its understanding of the common law when no settled rule of property intervenes.

The fellow-servant rule applies where the character of their respective occupations brings the people engaged in them into necessary and frequent contact even if they have no personal relations.

An employé of a railroad company engaged in work in the repair yard is a fellow-servant of the crew of a switching engine of the same company engaged in running cars needing repairs into the yard.

Although the question of fellow-servant may be left to the jury in the state court, the question whether the facts do or do not constitute a ground of liability is one of law; this court accordingly answers a question certified by the Circuit Court of Appeals as to whether employés in this case were fellow-servants.

If a law is bad, the legislature, and not juries, must change it.

THE facts, which involve the determination of whether certain classes of employés of railroad companies are fellow-servants, are stated in the opinion.

*Mr. James J. Barbour,* with whom *Mr. Raymond W. Beach* and *Mr. Elmer E. Beach* were on the brief for Beutler:

A car repairer exclusively employed under a separate and special foreman in the car repair department of a railroad company whose duties never bring him in relation to or in contact with the persons comprising an

engine and switching crew—exclusively engaged in a separate and distinct department known as the operating department—is not a fellow-servant with the members of such engine or switching crew. *Gilmore* v. *Nor. Pac. R. R. Co.*, 18 Fed. Rep. 866, 870; *Pike* v. *Chicago & A. R. R. Co.*, 41 Fed. Rep. 95, 99; *Nor. Pac.* v. *Herbert*, 116 U. S. 642; *B. & O. R. R. Co.* v. *Baugh,* 149 U. S. 368, 383; *Santa Fe & Pacific R. R. Co.* v. *Holmes*, 202 U. S. 438; *McCabe & Steen Co.* v. *Wilson*, 209 U. S. 275, 280; *Northern Pacific R. R. Co.* v. *Hambly*, 154 U. S. 349.

The case at bar arose in Illinois, and the Supreme Court of that State has held in cases similar to the one at bar that the doctrine of fellow-servant does not apply. Although the state decisions are not binding on this court, the reasoning therein may well be adopted as the law covering this particular case. *Nor. Pac. R. R. Co.* v. *Hambly*, 154 U. S. 361; *I., I. & I. R. R. Co.* v. *Otstot*, 212 Illinois, 429; *Rolling Mill Co.* v. *Johnson*, 114 Illinois, 57; *P. D. & E. Ry. Co.* v. *Rice*, 144 Illinois, 227; *Haas* v. *St. L. & S. Ry. Co.*, 111 Mo. App. 706, 713; *Gathman* v. *City of Chicago,* 236 Illinois, 9, 15; *L. E. & W. R. R. Co.* v. *Middleton*, 142 Illinois, 550; *Duffy* v. *Kivilen*, 195 Illinois, 630, 634.

*Mr. George W. Kretzinger* for Railway Company:

The trial court in holding that the deceased and the engine and switching crew were fellow-servants followed the law as many times declared by this court.

Persons in the service of the same employer and bearing such relations to each other and to the business they are jointly engaged in, as a switching crew and a car repairer in the railroad yards of the master, are fellow-servants, and the master is not liable for an injury to one through the negligence of the other.

In this case it must be assumed that all proper regulations were made by the master for the safety of the

deceased while he was at work on the car. There is no charge made that the method adopted for the safety of the deceased was not reasonably safe, but the sole trouble was that the switching crew did not heed the signal but negligently allowed the car, which was being propelled toward the one on which deceased was working, to run against it with such force that it ran over and killed him.

The duty and implied contract of the master with its servants is that it will exercise reasonable care to furnish its servants a safe place to work and shall employ competent co-servants, etc.

Where there is a general agent or superintendent having the management or control of any particular department or branch of the business, such agent takes the place of the corporation and any neglect or omission of duty in respect to his employés is the negligence of the master, for which the latter is responsible. *Randall* v. *Balt. & Ohio R. R. Co.,* 109 U. S. 478; *Quebec Steamship Co.* v. *Merchant,* 133 U. S. 375; *Central Railroad Co.* v. *Keegan,* 160 U. S. 267.

The cause of the accident was the negligence of the engine and switching crew, and such negligence in this respect was the negligence of fellow-servants for which the defendants in error are not liable. *Nor. Pac. Ry. Co.* v. *Dixon,* 194 U. S. 345; *Nor. Pac. R. R.* v. *Peterson,* 162 U. S. 355.

The negligence of the switching crew which caused the death of the deceased was not the negligence of one clothed with the control and management of the operating department of defendants in error. The case at bar, therefore, does not form an exception as to the general law of non-liability as above defined. *New England R. R. Co.* v. *Conroy,* 175 U. S. 328, 339; *Tex. Pac. Ry. Co.* v. *Bourman,* 212 U. S. 536.

The cases cited by plaintiff in error do not apply to this case.

Mr. Justice Holmes delivered the opinion of the court.

The deceased, Fetta, was at work in the repair yard of a railroad; other servants of the road, an engine and switching crew, ran a car needing repair from the general tracks into the special yard, and by their negligence killed him. There was no further relation between the parties than these facts disclose, and the question is certified whether they were fellow-servants within the rule that would exempt the railroad from liability in that case.

The doctrine as to fellow-servants may be, as it has been called, a bad exception to a bad rule, but it is established, and it is not open to courts to do away with it upon their personal notions of what is expedient. So it has been decided that in cases tried in the United States courts we must follow our own understanding of the common law when no settled rule of property intervenes. *Kuhn* v. *Fairmont Coal Co.*, 215 U. S. 349. *Northern Pacific R. R. Co.* v. *Hambly*, 154 U. S. 349, 360.

The precedents in this court carry the doctrine as far as it is necessary to carry it in this case to show that the two persons concerned were engaged in a common employment. No testimony can shake the obvious fact that the character of their respective occupations brought the people engaged in them into necessary and frequent contact, although they may have had no personal relations. Every time that a car was to be repaired it had to be switched into the repair yard. There is no room for the exception to the rule that exists where the negligence consists in the undisclosed failure to furnish a safe place to work in, an exception that perhaps has been pushed to an extreme in the effort to limit the rule. *Santa Fe Pacific R. R. Co.* v. *Holmes*, 202 U. S. 438. *McCabe & Steen Construction Co.* v. *Wilson*, 209 U. S. 275. The head of the switching crew and the deceased were as

clearly fellow-servants as the section hand and engineer in *Texas & Pacific Railway Co.* v. *Bourman,* 212 U. S. 536. *Northern Pacific R. R. Co.* v. *Hambly,* 154 U. S. 349. It may be that in the state court the question would be left to the jury, *Gathman* v. *Chicago,* 236 Illinois, 9; *Indiana, Illinois & Iowa R. R. Co.* v. *Otstot,* 212 Illinois, 429, but whether certain facts do or do not constitute a ground of liability is in its nature a question of law. To leave it uncertain is to leave the law uncertain. If the law is bad the legislature, not juries, must make a change. We answer the certificate, Yes.