FOWLER et al. v. PENNSYLVANIA R. CO. et al.

(Circuit Court of Appeals, Second Circuit. January 11, 1916.)

No. 44.

1. COURTS ⬅372—UNITED STATES COURTS—STATE LAWS AS RULES OF DECISION.

In an action in a federal court, the validity of a contract between a sleeping car company and one of its conductors, whereby he acquitted and discharged the company and a railroad over which he ran from all claims for liability on account of personal injury or death, was not to be determined by the laws of the state where the accident occurred, but by the decisions of the United States courts and by the general law.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 977–979; Dec. Dig. ⬅372.]

2. RELEASE ☜20—LIABILITY FOR INJURIES—VALIDITY.

Such release was not invalid, and precluded a recovery for the death of the conductor by reason of a defect in a bridge owned by the railroad company.

[Ed. Note.—For other cases, see Release, Cent. Dig. §§ 34–36; Dec. Dig. ☜20.]

In Error to the District Court of the United States for the Southern District of New York.

Action by Ethel Ruth Fowler and another, infants, by Henry M. Fowler, their guardian ad litem, against the Pennsylvania Railroad Company and another. Judgment was entered in favor of the Pennsylvania Railroad Company, and dismissing the complaint as to the Pullman Company, the plaintiffs having elected to proceed against the railroad company under the Pennsylvania statute giving a right of action for damages for causing death. From such judgment, plaintiffs bring error. Affirmed.

Martin T. Manton and Anthony J. Ernest, both of New York City, for plaintiffs in error.

Allan McCulloh, Clifton P. Williamson, and Edward W. Walker, all of New York City, for defendants in error.

Before LACOMBE, COXE, and WARD, Circuit Judges.

COXE, Circuit Judge. This case comes here on writ of error to review a judgment directed by the District Court in favor of the defendant Railroad Company in an action brought by plaintiffs for damages occasioned by the death of their father, Howard L. Baldwin, who was a conductor employed by the Pullman Company. He died through injuries received by the derailment of a Pullman sleeping car at Glen Lock, Pa., by reason of a defect in a bridge owned by the Railroad Company. At the close of the entire testimony the court directed a verdict for the defendant on the ground that Baldwin had made contracts with the Pullman Company whereby that company agreed to indemnify the Railroad Company from any and all damages sustained by the Pullman Company's employés, or their representatives in case of death. It appeared also that the Pullman Company had a contract with the defendant Railroad Company by which the Pullman Company agreed to indemnify the Railroad Company against any and all claims made by the said employés on account of death, personal injury or otherwise and also agreed that it would indemnify the railroad against any such suit and defense.

[1, 2] In the contract with Baldwin he agreed to save the Pullman Company harmless with respect to any and all sums of money it may be compelled to pay in consequence of injury or death happening to him. He acquitted and discharged both the Pennsylvania and the Pullman Company from all claims for liability of any nature or character whatsoever on account of personal injury or death to him while in said employment. Do these agreements constitute a complete bar or defense to the action? We think the contention that the contract must be construed by the laws of Pennsylvania because the accident occurred

there cannot be maintained. The question of the validity of the release is one not to be determined by local law, but, in suits in the United States courts, by the decisions of those courts and by the general law and, in the absence of a statute holding such releases invalid, the United States courts will uphold them unless prohibited from doing so by some controlling authority.

The law of the United States courts seems to be settled, regarding such questions as we are now dealing with, that the courts of the United States are not controlled by state decisions but are at liberty to adopt their own view of the law. It is, we think, the law of the United States courts, when considering the question as one to be determined by general law, that such releases as we have here to consider are not invalid. In Lake Shore Railway Co. v. Prentice, 147 U. S. 101, at page 106, 13 Sup. Ct. 261, at page 262, 37 L. Ed. 97, the question related to the oppressive conduct of a conductor towards a passenger on one of its trains. The court says:

"This question, like others affecting the liability of a railroad corporation as a common carrier of goods or passengers—such as its right to contract for exemption from responsibility for its own negligence, or its liability beyond its own line, or its liability to one of its servants for the act of another person in its employment—is a question, not of local law, but of general jurisprudence, upon which this court, in the absence of express statute regulating the subject, will exercise its own judgment, uncontrolled by the decisions of the courts of the several states. Railroad Co. v. Lockwood, 17 Wall. 357, 368 [21 L. Ed. 627]; Liverpool Steam Co. v. Phenix Ins. Co., 129 U. S. 397, 443 [9 Sup. Ct. 469, 32 L. Ed. 788]; Myrick v. Michigan Central Railroad, 107 U. S. 102, 109 [1 Sup. Ct. 425, 27 L. Ed. 325]; Hough v. Railway Co., 100 U. S. 213, 226 [25 L. Ed. 612]."

In Beutler v. Grand Trunk Co., 224 U. S. 85, at page 88, 32 Sup. Ct. at page 402, 56 L. Ed. 679, the court says:

"So it has been decided that in cases tried in the United States courts we must follow our own understanding of the common law when no settled rule of property intervenes. Kuhn v. Fairmont Coal Co., 215 U. S. 349 [30 Sup. Ct. 140, 54 L. Ed. 228]; Northern Pacific R. R. Co. v. Hambly, 154 U. S. 349, 360 [14 Sup. Ct. 983, 38 L. Ed. 1009]."

In Robinson v. Baltimore & Ohio R. R., 237 U. S. 84, 35 Sup. Ct. 491, 59 L. Ed. 849, Robinson, the plaintiff in error, sued the Railroad Company to recover damages for injuries sustained by him while acting as a porter on a Pullman car which was being hauled by the railroad. The defendant introduced the plaintiff's contract with the Pullman Company which is similar to the one here in issue. He released the Pullman Company "from any and all claims for liability of any nature or character whatsoever, on account of any personal injury or death to me in such employment or service." The contract also contained a provision releasing corporations, over whose lines the Pullman cars are hauled, from "liability of any nature or character whatsoever on account of any personal injury or death to me while in said employment or service." The court held that the plaintiff in error was not an employé of the Railroad Company within the meaning of the Employers' Liability Act and could not maintain the action.

In Baltimore & Ohio Railway v. Voigt, 176 U. S. 498, 20 Sup. Ct. 385, 44 L. Ed. 560, the action was brought by an express messenger

against the railway company for injuries received in consequence of a collision between two trains owned by the railway upon one of which Voigt was riding at the time. He was engaged in a car which was set apart for the use of the United States Express Company under a contract between that company and the railway company. The court held that Voigt was not a passenger, that he was not constrained to enter into the contract which relieved the railway company from liability to him.

The judgment is affirmed.