## PARRAMORE et al. v. DENVER & R. G. W. R. CO.

(Circuit Court of Appeals, Eighth Circuit. April 30, 1925.)

No. 6730.

1. Negligence ⊜82 — "Contributory negligence" proximate cause of injury.

"Contributory negligence" is not question as to whose negligence was more proximate cause of injury, but whether or not negligence of injured person directly contributed to cause injury.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Contributory Negligence.]

2. Railroads ⊜330(3)—Railroad's failure to discharge duty does not excuse highway traveler.

Railroad's failure to sound whistle, ring bell, or discharge other duties does not excuse highway traveler from discharging duties in matter of exercise and care.

3. Railroads ⊜327(12)—Automobile passenger held negligent.

Passenger in front seat of Ford automobile, who had unobstructed view for 186 feet before reaching railroad crossing, held contributorily negligent as matter of law for failure to discover train approaching at rate of 15 to 20 miles an hour in time to have avoided collision.

4. Railroads ⊜327(12)—Passenger in automobile charged with duty to exercise care.

Free riding passenger in automobile or other vehicle, on invitation or with consent of owner or driver, is charged with duty to look, listen, watch, and act with reasonable care to prevent injury at railroad crossings or other places in vicinity of railroads, and failure to do so is culpable negligence, which; if it contributes to injury, will bar recovery.

5. Courts ⊜372(1)—In considering questions of general or commercial law, national courts not bound to follow state courts.

In considering question of contributory negligence, or other questions of general or commercial law, national courts are not bound by or required to follow decisions of state courts.

6. Death ⊜103(3) — Presumption of exercise of care held not to require submission of issue of contributory negligence.

Presumption that decedent exercised due care from natural instinct of self-preservation, arising where accident results in instant death, held, insufficient to require submission to jury of question of contributory negligence, where there were physical facts and substantial testimony or evidence to the contrary.

In Error to the District Court of the United States for the District of Utah; Tillman D. Johnson, Judge.

Action by Mary Ann Parramore and others against the Denver & Rio Grande Western Railroad Company. Judgment for defendant, and plaintiffs bring error. Affirmed.

Mahlon E. Wilson, of Salt Lake City, Utah, for plaintiffs in error.

W. Q. Van Cott, of Salt Lake City, Utah (Van Cott, Riter & Farnsworth, of Salt Lake City, Utah, on the brief), for defendant in error.

Before SANBORN and LEWIS, Circuit Judges, and POLLOCK, District Judge.

SANBORN, Circuit Judge. Joseph Parramore, while riding in the Ford automobile of the owner and driver, John Reynolds, on the latter's invitation, was carried onto the track of the railroad of the Denver & Rio Grande Western Railroad Company in front of a moving engine of that company and instantly killed. His widow, his minor heirs by their guardian, and the Cudahy Packing Company of Nebraska, as assignee of the dependent heirs, brought an action against the railroad company under section 6505 of the Compiled Laws of Utah of 1917, for damages resulting to them from his death, which they alleged was caused by the negligence of the railroad company. That statute authorized the maintenance of such an action. The defendant denied the charge of its negligence and pleaded that the deceased was guilty of negligence, which directly contributed to cause the collision and his death. The case was tried by a jury, the plaintiffs and the defendant produced witnesses and introduced their testimony to sustain their respective claims, and at the close of the trial, on a motion by counsel for the defendant, the court instructed the jury to return a verdict in its favor, on the ground that the evidence was conclusive that Mr. Parramore was guilty of negligence which directly contributed to cause his death. The plaintiffs assigned this ruling as error. The only material question in this case, therefore, is whether or not the proof of contributory negligence of the deceased was such that a verdict for the plaintiffs could not have been lawfully sustained by the court, if the jury had been permitted to render it.

[1, 2] We omit discussion of the alleged negligence of the defendant, although the weight of the evidence on that subject seems to be heavily, if not conclusively, in favor

of the railroad company: (1) Because in an action for damages for negligence causing death the question of contributory negligence is not whether the negligence of the decedent or that of the defendant was the more proximate cause of the death, but it is whether or not the negligence of the decedent directly contributed to cause it. (Marshall v. Hines [C. C. A.] 271 F. 165, 169, and cases there cited), and (2) because the failure of the railroad company or its employees to sound whistles, ring bells, or to discharge other duties when operating the engines and trains of the company is no excuse for the failure of travelers on the highways to discharge their respective duties. They are still bound by the law effectively to look and listen and with reasonable care to watch and act to prevent collisions and to protect themselves and the operators of and passengers on the railroads from injury and death (Chicago, M. & St. P. Ry. Co. v. Bennett, 181 F. 799, 803, 104 C. C. A. 309; Chicago Great Western R. Co. v. Biwer [C. C. A.] 266 F. 965, 969; Bradley v. Missouri Pac. R. Co. [C. C. A.] 288 F. 484, 488, 493; Chicago, R. I. & P. R. Co. v. Houston, 95 U. S. 697, 702, 24 L. Ed. 542; Schofield v. Chicago, etc., Ry. Co., 114 U. S. 615, 618, 5 S. Ct. 1125, 29 L. Ed. 224.

[3] The collision which was fatal to Mr. Parramore occurred about 7:15 in the morning of a clear August day in 1921, at the crossing at grade of the railroad of the defendant by the highway on which the deceased was riding. The railroad extended north and south, and the highway east and west. East of the defendant's railroad and nearly parallel with it at the crossing were the railroad tracks of the Oregon Short Line Railroad Company. Mr. Reynolds, who was driving the automobile, approached the crossing on the highway from the east, and intended to drive westerly across all the railroad tracks to the plant of the Cudahy Packing Company, on the west side of the railroad tracks of the defendant at this crossing. The distance from the west rail of the Oregon Short Line tracks to the east rail of the defendant's tracks was 119 feet. Before Mr. Reynolds arrived at any of the tracks, he had invited Mr. Parramore to ride with him; the latter had accepted that invitation, and had taken the front seat on the north side of the car, by the side of Mr. Reynolds; and Mr. Thomas had asked Mr. Reynolds for a ride, the latter had granted his request, and Mr. Thomas had seated himself in the back seat of the automobile. There was an engine

headed south on one of the tracks of the defendant, about two blocks north of the crossing, as the occupants of the automobile drove west across the tracks of the Oregon Short Line Railroad. This engine was plainly visible to the occupants of the car all the time after they reached a point on the highway 186 feet east of the east rail of the defendant's railroad. When they were about 125 feet east of that rail, Reynolds looked north and saw the engine, but testified that he was not certain whether the engine was moving or stationary. He testified that he then looked south, and that he did not look north again until Thomas, when they were 30 or 40 feet from the defendant's track, at a time too late for Reynolds to avoid the collision, shouted, "Here comes a train."

As the automobile came over the Oregon Short Line tracks, and over the space between those tracks and the east rail of the defendant's, it was going at a speed of from 15 to 25 miles an hour, and it could have been stopped in from 14 feet to 27 feet. It was driven so far onto the track in front of the engine that when the collision occurred the engine threw the automobile and all its occupants off on the west side of the track. The speed of the engine from the point where Reynolds first saw it to the point of the collision was from 15 to 20 miles an hour. The curtains to the automobile were up, and there was no obstacle to interrupt the vision of Mr. Parramore from the point 186 feet east of the east rail of the defendant's railroad to that rail. Mr. Parramore sat on the front seat of the automobile, on the north side of it, on the side from which the engine which struck it came, and Mr. Thomas, who was in the automobile with him, testified that he did not see Mr. Parramore do anything. Mr. Reynolds, who sat by his side on the front seat, testified that Mr. Parramore did not say a word or try to get out of the car before the engine struck it. The railroad track and the engine were constant warnings to him of the danger of crossing that track.

The driver of the car was bound by his legal duty carefully to operate and control the speed and the direction of the car, and to look and listen for engines and trains on each side and in front of him before he attempted to cross the track on which this engine came. Unconsciously he may have relaxed his vigilance and failed, as he did, to look to the north from the time he crossed the tracks of the Oregon Short Line Railroad, because he was trusting Mr. Parramore, who sat on the north side of him and had the better op

portunity to look and listen for engines and trains coming from the north, to give him notice of the approach of engines from that direction. However that may be, Mr. Parramore had the best opportunity of any one in the automobile to look, listen, watch, and act to prevent the collision and the injury that might result from engines coming from the north, and his legal duty so to do was not less clear and imperative under the evidence in this case than was that of the driver of the car so to do. He had nothing else to do or to distract his attention. If he had discharged his duty to look, the car would undoubtedly have been stopped before it reached the track on which the engine was moving, and the collision and death would have been avoided. In this state of the record there seems to be no escape from the conclusion that the evidence so conclusively established the negligence of Mr. Parramore, which directly contributed to cause the collision and death, that there was no material issue for the jury to try and that it was the duty of the court to instruct them, as it did, to return a verdict for the defendant.

[4] Counsel for the plaintiffs argue and cite authorities to the effect that an invited guest of the owner or driver of an automobile, riding as Mr. Parramore was without compensation, owes no duty to look, listen, or act to avoid collisions or injuries at railroad crossings. But a thoughtful consideration of these arguments and authorities has again failed to convince that this is the general law, or that it is a just or reasonable rule. This question has been repeatedly and exhaustively considered and discussed by this court, and its conclusion has been and still is that the general law and the more reasonable rule is that a person riding without paying compensation in an automobile or other vehicle, on the invitation or with the consent of the owner or driver of the car or his agent, is charged with the duty to look, listen, watch, and act with reasonable care to prevent collisions, deaths, injuries, and accidents at the crossings of railroads and at other places in the vicinity of railroads, and that his failure so to do is culpable negligence, for which he is liable if it causes or contributes to cause such a collision, death, injury, or accident. This conclusion, the reasons for it, and the authorities pertinent to it have been so often considered and set forth in the opinions of this court that they will not be here repeated. Davis v. Chicago, R. I. & P. Ry. Co., 159 F. 10, 18, 88 C. C. A. 488, 16 L. R. A. (N. S.) 424; Rebillard v. Minneapolis, St. P. & S. S. M. Ry. Co., 216 F. 503, 506, 133 C. C. A. 9, L. R. A. 1915B, 953; Atchison, T. & S. F. Ry. Co. v. McNulty (C. C. A.) 285 F. 97; Bradley v. Missouri Pac. R. Co. (C. C. A.) 288 F. 484, 489; Noble v. Chicago, M. & St. P. Ry. Co. (C. C. A.) 298 F. 381, 383, 384.

Counsel for plaintiffs contends that this rule and the authorities which sustain it are inapplicable to the action in hand, because it is founded on the statute of Utah, section 6505, supra, creating the cause of action. He invokes the rule that the national courts uniformly follow the decisions of the highest judicial tribunals of the state construing the statutes of those states respectively in all cases that involve no question of general or commercial law and no question of right under the Constitution and laws of the nation. Clapp v. Otoe County, 104 F. 473, 476; Nielsen v. Chicago, B. & Q. R. Co., 187 F. 393, 396. He then calls attention to the fact that the Supreme Court of Utah held in Cowan v. Salt Lake & U. R. Co., 56 Utah, 94, 189 P. 599, in an action not founded on this death statute, but on the general law of negligence, that an invited guest of the driver of an automobile, which collided with an interurban car at a crossing while the guest was riding in the rear seat of the car holding another person on her lap, was not negligent as a matter of law, and they argue that the court below ought to have followed that decision in this case and submitted this case to the jury.

[5] But that decision was not a construction or interpretation of the statute on which the present action is based. It was a decision on a question of general law, the question of contributory negligence, and in the consideration of that and other questions of general or commercial law the national courts are not bound by or required to follow the decisions of the state courts. On the other hand, the power is granted to them and the duty is imposed upon them, in cases in which, as in this case, their jurisdiction is properly invoked, to consider and decide questions of general and commercial law, with proper respect and esteem for the opinions of the state courts, but nevertheless as their own knowledge, wisdom, and judgment dictate. The court below was not required to follow the decisions of the Supreme Court of Utah upon the question of contributory negligence, or upon the question of the submission of the question of contributory negligence to the jury, but it was required to determine these questions by its own knowledge and

judgment. 2 Foster's Federal Practice (3d Ed.) p. 880, § 375; 40 L. R. A. (N. S.) 441; Elliott v. Felton, 119 F. 270, 278, 56 C. C. A. 74; Hemingway v. Illinois Cent. R. Co., 114 F. 843, 846, 52 C. C. A. 477; Beutler v. Grand Trunk Railway, 224 U. S. 85, 87, 32 S. Ct. 402, 56 L. Ed. 679. This case falls far within the rule of law tersely stated in 40 L. R. A. (N. S.) 441, in these words: "State court decisions are not conclusive upon the federal courts as to questions which, though arising in a statutory action for death, are not distinctive or peculiar to that character of actions."

[6] Counsel finally cite Northern Pacific Railway Co. v. Spike, 121 F. 44, 57 C. C. A. 384, Evans v. O. S. L. R. Co., 37 Utah, 431, 108 P. 638, Ann. Cas. 1912C, 259, Lewis v. Rio Grande Western Ry. Co., 40 Utah, 483, 123 P. 97, and Ready v. Peavey Elevator Co., 89 Minn. 154, 94 N. W. 442, in support of the proposition that, where an accident results in instant death, the presumption arising from the natural instinct of self-preservation is that the decedent exercised due care, and that that presumption warrants a recovery for his death, in the absence of countervailing testimony, and insist that in view of this presumption this case should have been submitted to the jury. But the decision of this court in Northern Pacific Railroad Company v. Spike practically has been overruled by the later decisions of this court, and the rule firmly established that this is only a prima facie presumption which, in the presence of any physical facts or substantial testimony or evidence to the contrary, disappears and ceases to have effect. Wabash R. Co. v. De Tar, 141 F. 932, 934, 938, 939, 73 C. C. A. 166, 4 L. R. A. (N. S.) 352; United States v. Homestake Mining Co., 117 F. 481, 486, 54 C. C. A. 303; Bradley v. Missouri Pac. R. Co. (C. C. A.) 288 F. 484, 494. And the time when this collision occurred, the physical facts and the circumstances surrounding it, and the testimony of Reynolds and Thomas to the failure of Mr. Parramore to exercise any care or take any action to protect himself or others, constitutes such irresistible countervailing proof in this case that Mr. Parramore neither exercised reasonable nor any care to protect himself or others, that no doubt of his contributory negligence or of the duty of the court below to instruct the jury to return its verdict in favor of the defendant exists.

The judgment below must therefore be affirmed; and it is so ordered.