## MARCUS v. FORCIER.
### No. 2418.

Circuit Court of Appeals, First Circuit.
February 17, 1930.

Asa S. Allen, of Boston, Mass. (Chester C. Steadman, of Boston, Mass., on the brief), for appellant.

John V. Spalding, of Boston, Mass. (Hale, Sanderson, Byrnes & Morton, of Boston, Mass., and John R. Higgins, of Woonsocket, R. I., on the brief), for appellee.

Before BINGHAM, ANDERSON, and WILSON, Circuit Judges.

BINGHAM, Circuit Judge. This is an action of tort for personal injuries sustained by the plaintiff in the early afternoon of September 4, 1927, while riding as a gratuitous passenger in a seven-passenger Packard car, owned and driven by one Lanois. The plaintiff and Lanois were seated in front, he at the wheel and she at his right. Four other people were in the rear seats. The plaintiff's evidence was, that as they were proceeding on their way to Old Orchard, Me., going at about 25 miles an hour, and holding well over to the right-hand side of the cement roadway, the defendant's car came from behind to pass them, and in passing collided first with the rear of their car, and then, as it pulled back to the right side of the road, it again collided with the front of their car; that the force of this collision was so heavy that it threw the front of their car off the cement road into the soft surface on the shoulder of the road; that it promptly went out of control, and after going along a certain distance with the right wheels in the dirt on the shoulder of the road, it went sharply across the road to its left-hand side, and while there, and almost immediately after it had stopped, was struck by another automobile coming from the opposite direction.

The case having been submitted to the jury, it returned a verdict in favor of the plaintiff, upon which (part of the damages having been remitted) judgment was entered, and this appeal taken.

In the course of the trial the defendant excepted to the refusal of the court to give certain requested instructions and to the portion of the charge "to the effect that Lanois'

negligence could not be imputed to the plaintiff." Request No. 5 is the only one now relied upon. It reads as follows:

"5. If the plaintiff voluntarily surrendered all care for her safety to the caution of the driver of the vehicle in which she was a passenger, the negligence of the said driver is in law the negligence of the plaintiff and is imputable to her."

▇ The accident occurred in the state of Maine, and consequently the circumstances under which the negligence of the driver will be imputed to the passenger depends upon the law of that state.

▇ As we understand the law of Maine, the doctrine of imputed negligence is not recognized; that in that state a passenger is not chargeable with the negligence of the driver except when he has the right and power of direction and control, as when the driver is his servant, or agent, or some relationship in the nature of agency exists; that in the absence of such relationship, giving the right or power of control, the passenger is not chargeable with the negligence of the driver, but is only chargeable with his or her own personal negligent acts or omissions.

The question was directly under consideration in the case of Neal v. Rendall, 98 Me. 69, 56 A. 209, 212, 63 L. R. A. 668. In that case the plaintiff was riding with her husband at the time of the accident. In passing upon the question whether the husband's negligence was to be imputed to the wife the court said: "It is not to be imputed from the fact alone of the relation of husband and wife. It depends upon the circumstances, the extent to which she controlled, co-operated with, and directed her husband in the management of the team. The doctrine of imputable negligence is based upon agency." There seems to be no question that, under the law of Maine, the negligence of a driver is not imputable to a gratuitous passenger. See State v. Boston & M. R. Co., 80 Me. 430, 15 A. 36, 39, 40; Dansky v. Kotimaki, 125 Me. 72, 130 A. 871; Fernald v. French, 121 Me. 4, 115 A. 420; Ham v. M. Central Railroad Co., 121 Me. 171, 116 A. 261.

▇▇ While a driver's negligence is not imputable to a passenger, if the former is not under the direction and control of the latter, the passenger may be found guilty of negligence if her failure to exercise reasonable care for her safety is a contributing cause of her injury; and the same is true if the passenger fails to exercise any care at all by surrendering (in the language of the request) "all care for her safety to the caution of the driver" and her failure in this respect is a contributing cause of her injury. But if what took place at the time of an accident discloses that there was nothing that the passenger did, or failed to do, that contributed to her injury, her right of recovery is not defeated, since the negligence of a driver over whom she had no direction and control cannot be imputed to her. This was the situation in this case, and the jury so found. This was the course pursued by the trial court in its charge to the jury in Minard v. Boston & M. R. Co. (C. C. A.) 184 F. 211, 219, 220, which this court approved, and where it was specifically pointed out that under the law of Maine the negligence of the driver of a conveyance was not to be imputed to a gratuitous passenger; that she is chargeable only for her personal failure to exercise reasonable care. The request was properly refused.

▇ Upon the question of the plaintiff's care, the court instructed the jury that she could not recover damages because of injuries which she sustained unless she "herself was in the exercise of due care"; that the plaintiff "was a guest in Lanois' car"; that "the only thing she was obliged to do was to take such precautions and keep such look-out as was fairly required of a woman in her position"; that "Lanois was driving the car * * * [and] had driven a car for years"; that "whether she drives a car at all does not appear"; that "if she was fairly justified in saying nothing about this car that was going by, in not cautioning him to look out for it, you would say that she was free from fault; you would say that she was free from fault unless you saw something which a reasonable person in her place would have suggested to the driver, which she failed to suggest"; that "while I put this to you, because I am bound to instruct you upon it, no suggestion has been made that Mrs. Forcier was in any way at fault, and I am quite unable to see myself that she was at fault. But that question, after all, I am bound to submit it to you. * * * At the same time it is true, if you are riding on the front seat, and I am driving, and a train is approaching from your side, and as we come up to the crossing you don't look, as you might have, and call it to my attention, a jury might well say you are at fault in a situation of that sort. But we are dealing with something very different. While this woman is sitting on the right hand side, she is not taking part in driving, and when a car is passing on the left do you see any reason for finding fault with her conduct? You should find that

point in her favor unless you are satisfied she was careless."

"Now as to the negligence of Lanois, you say, 'How does that affect the plaintiff?' She was his guest. It does not affect the case one way or the other. Of course, if you say Lanois was not negligent, that is simply another way of saying that there was nothing to the plaintiff's negligence here, that she was perfectly all right. But even if Lanois was negligent, that would not bar the plaintiff from recovering, unless Lanois' negligence was helped along by some failure of the plaintiff to make suggestion of warning to him which you think was negligent on her part. And I have said I don't suppose you will find that the plaintiff was careless."

The defendant, in excepting to the charge of the court, stated that he excetped to that portion of it "to the effect that Lanois' negligence could not be imputed to the plaintiff." He did not point out any other language of the charge which he regarded as erroneous, or as not clear and calling for explanation, but framed his exception as above quoted, thereby giving the court to understand that his objection was limited to the specific instruction to the effect—that Lanois' negligence could not be imputed to the plaintiff. The defendant does not now contend that the court erred in the charge that Lanois' negligence could not be imputed to the plaintiff, but under his exception seeks to draw in question that portion of the charge which reads: "Of course, if you say Lanois was not negligent, that is simply another way of saying that there was nothing to the plaintiff's negligence here, that she was perfectly all right." It is evident, from reading the paragraph containing this statement, that the thought which the court was endeavoring to convey to the jury was that, if Lanois was not negligent, there was and could be "nothing to the plaintiff's negligence," in the sense of imputing Lanois' negligence to her, for there would be none to impute.

If the defendant regarded the meaning of the clause as doubtful, he could have had it made clear by specifically calling it to the court's attention, but he did not do so. The matter specifically excepted to—that the negligence of Lanois was not imputable to the plaintiff—cannot be extended to include something that was not spoken of and probably was not in the mind of counsel when the exception was taken. If it was, it should have been specifically stated. To hold otherwise would be to sanction the setting of a trap for the trial judge.

The judgment of the District Court is affirmed, with interest, and costs in this court and in the court below.