## BUTLER v. MISSOURI PAC. RY. CO.
### No. 2110.

District Court, W. D. Louisiana, Monroe Division.

May 19, 1932.

Geo. Wesley Smith and W. D. Cotton, both of Rayville, La., for plaintiff.

Hudson, Potts, Bernstein & Sholars, of Monroe, La., for defendant.

DAWKINS, District Judge.

This is a suit for damages for the alleged negligent killing of plaintiffs' intestate. It in substance charges that deceased, in the broad open daylight, approached a crossing of the defendant's track in a northeasterly direction and slightly parallel thereto, while the train came from the south. It is alleged that the engineer failed to keep a proper lookout, was running at an excessive rate of speed, failed to give any proper signal, and could have, by the exercise of ordinary care, discovered the peril of the deceased in time to have avoided the accident.

Defendant has moved to dismiss, on the ground that the petition does not state a cause of action, based mainly upon the propositions that, according to the federal rule, if plaintiff is negligent, the defendant can be held liable under the last clear chance doctrine, only when it is shown that the agent or engineer actually discovered the danger in time to avoid the collision and failed to do so; and, second, that the allegations of the petition show that the defendant's active negligence continued down to the moment of the impact.

I do not believe that the petition in this case states a cause of action. In the

first place, it alleges nothing of fact, but the conclusion of the pleader, to show that the movements or appearance of the deceased could have indicated to the engineer or fireman that her attention was so absorbed with matters on the other side of the track as to make her oblivious to the approach of the train. Then, too, the situation, as disclosed by the petition, shows that the engineer was on the opposite side of the engine from the direction of her approach, making it impossible to see her when the train got within a reasonable distance of the place where the accident happened. The federal courts, in the absence of specific statute, are not bound by decisions of the state court upon the question of contributory negligence or last clear change. Beutler v. Grand Trunk Junction R. Co., 224 U. S. 85, 32 S. Ct. 402, 56 L. Ed. 679; Southern R. Co. v. Smith (C. C. A.) 214 F. 942; Little Rock Ry. & Electric Co. v. Billings (C. C. A.) 173 F. 903, 31 L. R. A. (N. S.) 1031, 19 Ann. Cas. 1173; Newport News, etc., Co. v. Howe (C. C. A.) 57 F. 362. I further think that the petition discloses active negligence of the deceased continued down to the very instant of the accident, and no decision of the state court has sustained a recovery in such circumstances. See Blackburn v. L. R. & N. Co., 144 La. 520, 80 So. 708.

For the reasons indicated, the exception will be sustained. Proper decree should be presented.