## COMMERCIAL ELECTRIC SUPPLY CO. v. GRESCHNER.

### No. 5917.

Circuit Court of Appeals, Sixth Circuit.

June 27, 1932.

S. T. Mason, of Detroit, Mich. (Edward L. Frost and Burt E. Ballard, both of Detroit, Mich., on the brief), for appellant.

Harry C. Milligan, of Detroit, Mich., for appellee.

Before MOORMAN, HICKS, and HICKENLOOPER, Circuit Judges.

MOORMAN, Circuit Judge.

The plaintiff below sued and recovered damages for injuries sustained in a collision of an automobile, in which he was a passenger, with the automobile of the defendant. The only error assigned relates to the refusal of the trial court to direct a verdict for the defendant at the conclusion of all the evidence, upon the ground that the driver of the automobile in which plaintiff was riding was negligent, and such negligence was imputable to the plaintiff.

■ There is no state statute or constitutional provision involved, and it is conceded that the rule in the federal and practically all of the state courts is that the negligence of a driver of an automobile may not be imputed to an adult passenger riding in the automobile. The decisions of the courts of Michigan are otherwise (Jewell v. Rogers Township, 208 Mich. 318, 328, 175 N. W. 151; Lett v. Summerfield & Hecht, 239 Mich. 699, 214 N. W. 939), and the contention is that a federal court sitting in the state of Michigan must follow the rule of law laid down in the state decisions. There are cases, too, which seem to support the contention. Roberts v. Tennessee Coal, Iron & R. Co. (C. C. A.) 255 F. 469; Marcus v. Forcier (C. C. A.) 38 F.(2d) 8. These cases, however, interpret section 721 of Revised Statutes (28 USCA § 725) differently from what this court has thought was required by the decisions of the Supreme Court. Newport News & M. V. Co. v. Howe (C. C. A.) 52 F. 362; Kinnear Mfg. Co. v. Carlisle (C. C. A.) 152 F. 933; Illinois Cent. R. Co. v. Hart (C. C. A.) 176 F. 245, 52 L. R. A. (N. S.) 1117; Texas Co. v. Brice (C. C. A.) 26 F. (2d) 164; Wabash Ry. Co. v. Walczak (C. C. A.) 49 F.(2d) 763.

The defendant insists that the decisions in the cases just cited are opposed to Detroit v. Osborne, 135 U. S. 492, 10 S. Ct. 1012, 1013, 34 L. Ed. 260. That was a suit to recover damages for injuries caused by defects in a street of the city of Detroit, and the question for decision involved "simply a consideration of the powers and liabilities granted and imposed by legislative action upon cities within the State." It appeared that in the earlier acts of Michigan authorizing the establishment of municipalities, there was no provision making a municipality liable in damages for injuries caused by defective sidewalks, and that a later legislative act of the state which sought to impose the liability was declared to be in violation of the Constitution of the state. In holding that there was no liability on the city in the Osborne Case, the court said, "when the settled decisions of the highest court of a state have determined the extent and character of the powers which its political and municipal organizations may possess, the decisions are authoritative upon the courts of the United States;" and further, quoting from Claiborne County v. Brooks, 111 U. S. 400, 410, 4 S. Ct. 489, 28 L. Ed. 470, "'It is undoubtedly a question of local policy with each state what shall be the extent and character of the powers which its various political and municipal organizations shall possess.'" Again the court said, "the measure of its [City of Detroit's] liability under the statutes, as stated, is to be determined by the judgment of the supreme court of that state [Michigan], and not by what our opinions might be as to the proper construction of those statutes."

The conclusion arrived at in the above case was based upon earlier decisions of the court, among them Burgess v. Seligman, 107 U. S. 20, 2 S. Ct. 10, 27 L. Ed. 359, where the court was called upon to construe a state statute which, prior to the decision in the lower court, had been given no settled construction by the Supreme Court of the state, but which, pending the appeal, was given a different construction by the Supreme Court of the state from that placed upon it by the lower federal court. The Supreme Court did not follow the state court construction, but exercised its own judgment as to the meaning of the statute. Claiborne County v. Brooks, supra, like Detroit v. Osborne, dealt with decisions of the highest court of the state in respect to the powers and duties of the political and municipal organizations of the state. Both of these cases with Bucher v. Cheshire R. R. Co., 125 U. S. 555, 8 S. Ct. 974, 31 L. Ed. 795, also cited in Detroit v. Osborne, were discussed in B. & O. R. R. Co. v. Baugh, 149 U. S. 368, 13 S. Ct. 914, 37 L. Ed. 772, where the question was whether the engineer and fireman of a locomotive were fellow servants. The court held that the question was not one of local law but of general law to be determined by reference to all the authorities and a consideration of the principles underlying the relations of master and servant, citing, among other authorities, New York C. Railroad Company v. Lockwood, 17 Wall. 357, 368, 21 L. Ed. 627; Myrick v. Michigan Central R. R. Co., 107 U. S. 102, 109, 1 S. Ct. 425, 27 L. Ed. 325; and Lake Shore, etc., Railway Co. v. Prentice, 147 U. S. 101, 106, 13

514

S. Ct. 261, 37 L. Ed. 97. The same doctrine was reaffirmed in Beutler v. Grand Trunk Junction Railway Co., in 224 U. S. 85, 32 S. Ct. 402, 56 L. Ed. 679.

In B. & W. Taxicab & Transfer Co. v. B. & Y. Taxi Co., 276 U. S. 518, 48 S. Ct. 404, 72 L. Ed. 68, 57 A. L. R. 426, the question was whether the rule of law announced by the highest court of the state of Kentucky, which forbade any railroad company to grant to a transfer company the exclusive privilege of going upon its trains, into its depot, and on the surrounding premises to solicit transportation of baggage and passengers, should be followed, or whether the right of the railroad to make such contract, there being no statute on the subject, was a question of general jurisprudence with respect to which the federal courts might exercise their independent judgment. There was no question of title to land, and, although the rule of state decision had been in effect for many years, the court held that the question was a general question, pointing out that it was ruled by such cases as Swift v. Tyson, 16 Pet. 1, 19, 10 L. Ed. 865; Carpenter v. Insurance Co., 16 Pet. 495, 511, 10 L. Ed. 1044; Lane v. Vick, 3 How. 464, 11 L. Ed. 681; Foxcroft v. Mallett, 4 How. 353, 379, 11 L. Ed. 1008; Chicago City v. Robbins, 2 Black, 418, 428, 17 L. Ed. 298; Yates v. Milwaukee, 10 Wall. 497, 506, 19 L. Ed. 984, and Olcott v. Supervisors of Fond du Lac County, 16 Wall. 678, 689, 21 L. Ed. 382. These decisions, it seems to us, are controlling in the present circumstances. This court has heretofore held, conformable to the trend of authority throughout the country, that the negligence of a driver of an automobile is not imputable to an adult passenger riding in the automobile. Wabash Ry. Co. v. Walczak, supra. Upon a reconsideration of the question, we do not feel constrained to accept or apply a different rule.

No other question being argued or presented, the judgment is affirmed.