W. F. Shadduck, Appellee, v. Chicago, Milwaukee, St. Paul & Pacific Railroad Company, Appellant.

No. 42224.

February 13, 1934.

Petition for Rehearing Dismissed June 9, 1934.

Shull & Stilwill, for appellant.

A. D. Clem, for appellee.

Stevens, J.—While traveling as a news agent upon a passenger train of appellant in the state of South Dakota, the train was derailed and appellee received the injuries of which he now complains. The train was one upon which he customarily traveled as such news agent between Sioux City, Iowa, and Aberdeen, South Dakota.

The issues, as discussed by counsel for appellant, present three propositions for our decision: First, was appellee, in a legal

sense, a passenger on appellant's train at the time the accident occurred and the injuries were received? Appellee was an employee of the Van Noy-Interstate Company of New York, with which appellant had a contract in which it is recited that: "Said news agents * * * of the party of the second part, in the use of said free transportation for the purposes hereinbefore set forth, shall not be considered passengers; * * * "

The services being performed by appellee were those commonly rendered by so-called newsboys upon passenger trains. Appellant, under the contract referred to, received a consideration for the permission granted to appellee to travel upon its trains as a newsboy. Personally, he paid no fare and had no knowledge of the terms of the contract between appellant and the New York company which, in addition to the news service, had certain concessions from appellant in the operation of lunch counters and eating houses on appellant's system of railways. As is known to everybody, appellee carried with him a stock of candies and other eatables as well as magazines, newspapers, and other reading matter. His service was rendered to the passengers on the train.

Few authorities bearing directly upon the question now under discussion have been brought to our attention. Principal reliance of appellant is upon Dodge v. Railway Co., 164 Iowa 627, 146 N. W. 14, and a few decisions of Federal Circuit Courts. This case is not in point. The plaintiff in the Dodge case was an employee of the railroad company in the capacity, as we understand it, of a conductor. His service, for the time being, had terminated and he was riding upon the engine of the train, of which he had been in charge, for the purpose of going to his home. This court held that he was not a passenger and was, at most, a licensee.

This case in its facts and upon principle is more nearly allied to Weber v. C., R. I. & P. R. Co., 175 Iowa 358, 151 N. W. 852, L. R. A. 1918A, 626. .The plaintiff in that case was a railway mail clerk, and this court held that he sustained the relation to the railroad company of a passenger. Railway mail clerks are segregated, have no connection with other passengers, and ride in a separate car equipped for the service to be rendered.

The Court of Appeals of the District of Columbia, in Seymour v. Director General of Railroads, 53 App. D. C. 316, 290 F. 291, held that a newsboy engaged in a service similar to that being rendered by appellee was a passenger. The court, however, in that case,

in the course of its opinion, remarked that the record did not show the arrangement between the carrier and the Union News Company, by which he was employed. .

The following federal cases cited by appellant follow the decisions of the United States Supreme Court in Baltimore & Ohio S. W. Ry. Co. v. Voigt, 176 U. S. 498, 20 S. Ct. 385, 389, 44 L. Ed. 560, and New York C. R. R. Co. v. Lockwood, 17 Wall. 357, 21 L. Ed. 627, and involve the question as to whether express messengers are to be treated as passengers: Long v. Lehigh Valley R. Co. (C. C. A.) 130 F. 870; Chicago & N. W. Ry. Co. v. O'Brien (C. C. A.) 132 F. 593.

Fowler v. Pennsylvania R. Co., (C. C. A.) 229 F. 373 is not in point.

The Supreme Court of the United States, in Baltimore & Ohio Southwestern Railway Co. v. Voigt, supra, pointed out that express companies are common carriers, and that:

"The express business on passenger trains is in a degree subordinate to the passenger business, and it is consequently the duty of a railroad company in arranging for the express to see that there is as little interference as possible with the wants of the passengers." And further that: "But it is neither averred in the bills, nor shown by the testimony, that any railroad company in the United States has ever held itself out as a common carrier of express companies, that is to say, as a common carrier of common carriers."

Apparently, no case has arisen in this state in which the right of an express messenger to recover damages for personal injuries resulting from the negligent operation of a railway train has ever been before this court upon the theory that he sustains the relationship of a passenger. The rule of the federal court in such cases is not binding upon state courts.

If a railway mail clerk is a passenger and entitled to the protection accorded by law to other passengers, we perceive no theory upon which it may logically be held that a newsboy is not also a passenger.

It is against the public policy of this state to enforce contracts limiting the liability of common carriers of passengers for negligence. Section 8042, Code 1931. We must, therefore, hold that appellee was a passenger and, unless otherwise precluded, entitled to recover in this action.

In the second place, it is contended that the damages awarded to appellee are excessive. The jury returned a verdict for $2,175. This verdict was reduced by the court to $1,275. The injuries received by plaintiff, who was eighty-one years of age, consisted of either a fracture of the left clavicle or a complete transverse fracture of the left collar bone. He appears to have made a very complete and satisfactory recovery. He was taken to a hospital and treated by a surgeon of the railway company. He must have suffered more or less pain, inconvenience, and loss of time. The judgment is amply sufficient to compensate appellee for his injuries, but the court is of the opinion that it is not, as a matter of law, excessive.

The third proposition of appellant is that appellee, for a consideration, signed and executed a complete release of all claims for damages against appellant. The execution of an instrument in terms to that effect is admitted by appellee. He seeks, however, to avoid the effect thereof upon the ground that he signed the same without knowledge of the contents thereof and in reliance upon representations of the representative of the news company who presented the release to him. The issue at this point is exceedingly close. It appears from the testimony that appellee was awarded and paid compensation under the Workmen's Compensation Law. He, apparently, signed several receipts for sums paid him under this act. Upon the occasion when the release in question was signed, the representative of the news company, who was well acquainted with appellee and with whom he sustained friendly relations, met him in the depot of the Milwaukee Railway Company in Sioux City. During the conversation which ensued, appellee stated that he was in great need of money. The agent of the news company thereupon, according to the testimony of appellee, informed him that he might get a little more money for him. While appellee waited in the depot, the agent procured the release in question to be written and, returning to the depot, went with appellee to a hotel in Sioux City, where the same was signed by appellee in the presence of a notary public. This action was then pending in the district court of Woodbury county.

There is a conflict in the testimony of appellee and that of the agent of the news company. Appellee testified that nothing was at any time said about the money, which was $25, being paid by the railroad company or of its release from liability. The other party

to the conversation testified that the liability of the railroad company was discussed in detail and that appellee was fully advised that the release applied both to the news company and appellant. The release was not read over to appellee nor did he read it. He is apparently a man of intelligence, well read, and was, except as stated below, able to have read the document. He gave as his reasons for not reading it that he relied upon the agent of the news company, that it was dull or dark in the hotel, that he did not have his glasses with him, and could not, for this reason, have read it. No express fraudulent representations are claimed to have been made by the news agent.

Upon the foregoing state of facts, the jury could have found that, because of the friendly relationship between appellee and the other party and from the fact that he had already been paid money on different occasions, appellee believed that his employer had agreed to pay him an additional sum. According to this testimony, this action was pending, and nothing was said as to who was paying the money or that appellant was in any way interested therein. The case in its facts is somewhat similar to those presented in Crum v. McCollum, 211 Iowa 319, 233 N. W. 678, in which this court held that the plaintiff who had signed a release without reading it was, under the circumstances there shown, bound thereby. In that case, the subject of the settlement was damages caused to the person and automobile of the plaintiffs. The automobile had been repaired at the expense of the party complained of. The release involved no other controversy and related to no other subject-matter than damages to the person and the automobile. In this case, the person with whom appellee dealt was the representative of his employer and known to appellee to be such, and, according to his testimony, he did not know that he represented appellant also.

The several receipts signed by appellee in this case were different in appearance from the release in controversy. Appellee admitted that the agent told him that he did not believe he had any claim against the railroad company but that the conversation did not deal further with that subject. Appellee at this point relies upon Owens v. Coal Co., 157 Iowa 389, 138 N. W. 483. The facts of that case were, however, stronger than the facts in the present case, if we accept the testimony of appellee. The holding does, however, tend to support the conclusion reached herein.

We conclude that there was sufficient testimony on this point to

carry the case to the jury, and that its verdict is conclusive thereof; No other propositions are urged or relied upon by appellant, and the judgment is affirmed.—Affirmed.

CLAUSSEN, C. J., and EVANS, ANDERSON, KINTZINGER, and MITCHELL, JJ., concur.