## MURPHY et al. v. PENNSYLVANIA R. CO.

## CLOUTIER v. SAME.

(Circuit Court of Appeals, Sixth Circuit. October 17, 1924.)

Nos. 4030, 4031.

**Railroads ⊂⇒350(5)—Failure to maintain gates or watchman at country crossing not negligence as matter of law.**

A crossing over the tracks of a branch railroad having two passenger trains daily each way, by a country highway not extensively used, where the view of the tracks by one approaching the crossing from either direction was unobstructed, except occasionally by cars standing on a switch track, *held* not so extraordinarily hazardous as to justify an instruction that failure to maintain gates or a watchman at the crossing might be thought to be negligence.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Ohio; Paul Jones, Judge.

Action at law by Orlando Murphy and others and by Albert Cloutier against the Pennsylvania Railroad Company. Judgments for defendant, and plaintiffs bring error. Affirmed.

In No. 4030:

John Ruffalo and Craver, Diser, Huey & Starrs, all of Youngstown, Ohio, and J. W.

Mooney and G. E. Bibbee, both of Columbus, Ohio, for plaintiffs in error.

Squire, Sanders & Dempsey, of Cleveland, Ohio, and Harrington, Deford, Huxley & Smith, of Youngstown, Ohio, for defendant in error. ·

In No. 4031:

John Ruffalo and Craver, Diser, Huey & Starrs, all of Youngstown, Ohio, for plaintiff in error.

Squire, Sanders & Dempsey, of Cleveland, Ohio, and Harrington, Deford, Huxley & Smith, of Youngstown, Ohio, for defendant in error.

Before DENISON and MACK, Circuit Judges, and SATER, District Judge.

PER CURIAM. The only complaint is that the trial judge, when his attention was called thereto after the general charge, failed to instruct the jury that they might predicate actionable negligence upon the lack of gate or watchman at this· crossing, and even in the absence of statutory requirement therefor, because this crossing was "especially dangerous" and "more than ordinarily hazardous." Grand Trunk Ry. Co. v. Ives, 144 U. S. 408, 421, 12 Sup. Ct. 679, 684 (36 L. Ed. 485).

Passing by the lack of any definite assignment of error upon this point, and disregarding also any doubt as to the formal sufficiency of the request, and meeting the complaint on its merits, we find in the record no substantial evidence to justify the submission of this theory of negligence. The railroad was a branch line, with two passenger trains daily, each way. This crossing was upon a country highway, two miles from the nearest small town. There was nothing to indicate any greater degree of use than is ordinary upon a typical country road, which is not shown to be a main or trunk line highway, but which carried travel between two small towns a few miles apart; and that only because the regular road was temporarily under repairs and this was used as a detour. ·

As to all the travelers coming from the north to the crossing, there was no obstruction to their full view in both directions, nor was there any on the right side of those approaching from the south. As to those coming from the south, while still a considerable distance from the track their view to the left up the track became unobstructed, excepting that there was here a parallel switch track first to be crossed and used for the convenience of a brick plant there situated; and cars were frequently standing upon this switch track, sometimes close enough to the highway to shut off the view up the main track, unless the one crossing used especial care in looking just before going on the main track. We think this degree of danger, existing occasionally to some of the highway travelers, cannot of itself be said to make the crossing of that excessively dangerous character which alone would justify a jury in finding a duty to have gate or watchman, when that precaution has not been ordered by the state authorities who prescribe such safeguards where they think the necessity exists.

The judgments are affirmed.