## AUVIL v. WESTERN MARYLAND RY. CO.

Circuit Court of Appeals, Fourth Circuit.
April 28, 1927.

No. 2595.

1. **Railroads** ⬅350(1)—**Evidence of railroad's negligence as to pedestrian at crossing held insufficient for jury.**

In action against railroad for death of pedestrian at public street crossing, evidence *held* insufficient for jury.

2. **Railroads** ⬅327(1)—**Person failing to look and listen on crossing railroad track ordinarily cannot recover for injuries.**

It is the duty of every person crossing railroad track to look and listen, and if, in exercise of his senses, he could observe and appreciate danger, failure to avoid it is negligence, for which ordinarily he may not recover.

3. **Railroads** ⬅338—**Railroad's failure to avoid injury discoverable by exercise of reasonable care authorizes recovery.**

Where railroad, in exercise of reasonable care, could discover peril of person crossing tracks in time to avoid injury, and failed to do so, such failure is negligence, for which recovery may be had.

4. **Railroads** ⬅320—**Engineer may assume person approaching track will not deliberately place himself in position of danger.**

Locomotive engineer, seeing a person approaching a railroad track apparently in possession of all his faculties, has right to assume that person will not deliberately place himself in position of danger.

In Error to the District Court of the United States for the Northern District of West Virginia, at Elkins; William E. Baker, Judge.

Action by Harvey W. Auvil, administrator of the estate of Nora Alice Auvil, deceased, against the Western Maryland Railway Company. Judgment for defendant, and plaintiff brings error. Affirmed.

Samuel T. Spears, of Elkins, W. Va., and J. W. Harman, of Parsons, W. Va. (Spears & Irons, of Elkins, W. Va., on the brief), for plaintiff in error.

Eugene S. Williams, of Baltimore, Md., and E. A. Bowers, of Elkins, W. Va. (Wm. H. Maynard, of Baltimore, Md., on the brief), for defendant in error.

Before PARKER and NORTHCOTT, Circuit Judges, and GRONER, District Judge.

GRONER, District Judge. This is an action at law, brought by the administrator of Nora A. Auvil, deceased, in the District Court for the Northern District of West Virginia, against the Western Maryland Railway Company, to recover damages for her death, which occurred at the intersection of the defendant's railway tracks and a street in the city of Parsons, W. Va., about 3:30 o'clock in the afternoon of January 31, 1925. The parties will be spoken of as plaintiff and defendant, the position they occupied below.

Defendant's station at Parsons is located about 1,000 feet westwardly from the place of accident. From the station eastwardly the track runs slightly upgrade and on an eight degree curve until near the western end of a bridge and about 300 feet from the point of collision. From the bridge to the point of collision the track is straight. The bridge itself is 250 feet long, composed of three spans, two "deck" and one "through" truss. The "deck" spans are each 50 feet long, and the overhead or truss part is 150 feet long. The bridge has the standard diagonal braces and crosspieces. Fifty feet eastwardly from the end of the truss portion of the bridge is a public street crossing the railroad track at right angles, the track separating the northern from the southern portion of the town.

A little while before the accident Mrs. Auvil and her husband, who lived in the northern portion of the town, had crossed the railroad track into the southern portion for the purpose of paying a visit of sympathy and condolence at the home of a neighbor in that portion of the town. On her way to her friend's home, Mrs. Auvil had complained of a headache and had taken some powders to relieve her pain. After paying a visit—her husband having left somewhat sooner—she started to return, and remarked as she left her friend's house that the train was then at the station. She was then about 250 feet from the intersection. Following the line of the street she walked first westwardly about 175 feet, then turned in a northerly direction on the sidewalk, walking rapidly and with her head slightly bent, and, apparently without noticing the approaching train, was struck and killed just as she was in the act of stepping across the rail on the near side.

After the evidence for both sides had been introduced, the court, on motion of the defendant, gave the jury binding instructions, and it is to have reviewed and reversed this ruling of the court that this writ of error is prosecuted. It is not contended by plaintiff that Mrs. Auvil had not seen the train at the station, or that she was not fully acquainted with the conditions and circumstances under which it was ordinarily operated from that point on through the town, nor is it contended that from the time Mrs. Auvil turned in a northerly direction and approached the track she could not at all times have seen the approaching train, had she looked, and it was admitted in the argument that the overwhelming weight of evidence established the fact that the whistle of the locomotive was blown as the train left the station and approached the crossing, and that at all times up to the moment of impact the bell on the engine was continuously rung.

It is, however, insisted that the engineer for at least 100 feet from the west end of the bridge, if he had been on the lookout, could have seen Mrs. Auvil as she approached the track, and in the exercise of due care should have observed her apparent abstraction and lack of attention to her surroundings, and, thus warned, have stopped the train before it reached the crossing, but that, either because of his failure to keep a lookout or by reason of the fact that the train was running, as admittedly it was, at a greater rate of speed than was permitted by the ordinances of the town, he was unable to stop it until after the collision had occurred, and that therefore, without regard to Mrs. Auvil's negligence in failing to take reasonable care for her own safety, the railroad company, under the doctrine of "last clear chance," is liable.

[1] We have given painstaking consideration to the record, and have reached the conclusion that the lower court was clearly right in taking the case from the jury.

[2-4] That Mrs. Auvil was guilty of negligence in attempting to cross the track in front of the approaching train may not be gainsaid, for it is the duty of every person under such circumstances to look and listen, and if, in the exercise of his senses, he could observe and appreciate the danger, his failure to avoid it is negligence, for which ordinarily he may not recover. The rule, however, in those cases in which some duty of prevision obtains, is subject to the qualification that, if the defendant in the exercise of reasonable care could

have discovered the plaintiff's peril in time to avoid the injury, and failed to do so, his failure is negligence, for which a recovery may be had, and accordingly it has been held in many cases that there is a duty upon those in charge of a railroad train, approaching a depot or much-used intersection, to exercise reasonable care to discover and to avoid doing injury to persons crossing the tracks at such points, and recovery has been allowed where the failure to exercise such care was the proximate cause of the injury; but in all such cases there was superadded some fact or circumstance which was sufficient to put a reasonable person in charge of the train on his guard that the person on the track, or about to cross the track, was paying no heed to the danger, and was taking no steps to insure his own safety.

Instances of such cases are those of a person crossing a track with an umbrella, so as to cut off entirely his view of the train; a person engaged in making repairs to the track, at a place where such work might be expected, stooping over in a bended position with a wrench tightening bolts; or a person approaching a crossing in full view of the approaching train, in time for it to stop, while struggling with a frightened horse, all of which are based upon the rule founded in humanity and natural justice; and notwithstanding the person's own negligence, and notwithstanding the fact that such negligence continues to the moment of injury, he may recover, if the defendant in the exercise of ordinary care should have discovered his danger, and have reason to believe he may not be able to save himself, and fails to avoid an injury which in the exercise of reasonable care he might have done. But the rule necessarily has its limitations. It may not be so extended as to make it the duty of a railroad company to stop its train whenever a pedestrian on a city street is seen approaching its tracks, or to make it responsible in damages if its engineer, without reason so to do, fails to observe the person's heedlessness of danger. On the contrary, an engineer, seeing a person approaching a railroad track apparently in possession of all of his faculties, has a right to assume that the person will not deliberately place himself in a position of danger.

In the case under consideration, there was nothing in the manner of the decedent to put the engineer on notice that she was unconscious of the rapidly advancing train. She was a woman of middle age, approaching the track on a paved street, without incumbrances of any kind, and with an unobstructed view. Nothing in the evidence suggests why the engineer should have supposed she would not stop before reaching the track. There were perhaps a dozen persons who saw her just before or just at the moment of the accident. To all of them she appeared to be walking briskly, with her hands in her pockets, her head slightly bent, and her eyes to the front, and to none of them did anything in her attitude or manner suggest the probability that she was unmindful of the approaching train, which all of them saw and heard, or that she would fail to stop at a safe distance to allow the train to pass. There is nothing in the evidence to suggest that the engineer, if his attention had been particularly attracted to her, would have seen what every one else failed to see. As a matter of fact, the engineer did not see her until just before she was struck, and from this it is argued that he was not keeping a lookout; but, even if this be admitted, the conclusion is irresistible that, if he had been keeping a lookout, nothing in the appearance of the approaching figure would have warned him of her danger.

The judgment of the District Court should be, and is, affirmed.

Affirmed.