## NORFOLK & W. RY. CO. v. HOLBROOK.

Circuit Court of Appeals, Sixth Circuit.
July 6, 1928.

Nos. 5026–5028.

1. Railroads ☞316(2, 3)—Traffic and obstacles at railroad crossing may make customary high speed of train negligent, in absence of special warning signals.

The character and extent of the traffic on a highway, and the extent and kind of the obstacles, both artificial and natural, which obscure the view of a traveler approaching a railroad track, may in their composite effect be such as to authorize a finding that they require the railroad company to maintain some special warning signals at the crossing, if it wishes to run its train at the customary high speed, and that, lacking such protection for highway travelers, the speed is negligent.

2. Railroads ☞348(9)—Evidence held to authorize finding that driver of automobile, approaching crossing in heavy fog, met applicable standard of conduct.

The circumstances in evidence in action for crossing collision of train with automobile, when a heavy fog prevented seeing any distance, *held* to authorize finding that driver met the applicable standard of conduct, and so was free from contributory negligence.

In Error to the District Court of the United States for the Eastern District of Kentucky; Andrew M. J. Cochran, Judge.

Three actions, tried together, one by James F. Holbrook, Jr., individually, and the others by him as administrator, against the Norfolk & Western Railway Company. Judgment for plaintiff in each case, and defendant brings error. Affirmed.

Homer E. Holt and John H. Holt, both of Huntington, W. Va. (Holt, Duncan & Holt, of Huntington, W. Va., on the brief), for plaintiff in error.

John M. Waugh, of Ashland, Ky. (Waugh & Howerton, of Ashland, Ky., on the brief), for defendant in error.

Before DENISON, MOORMAN, and KNAPPEN, Circuit Judges.

DENISON, Circuit Judge. When his automobile was struck by a railway train at a highway crossing, Holbrook was badly injured and his wife and child killed. On his own behalf and as administrator of each deceased, he brought these suits in the court below; they were for convenience tried as one, and there was a verdict for the plaintiff in each. This appeal sharply presents two questions of law: Was there a lack of any evidence showing the railroad's negligence? and was there contributory negligence by Holbrook, conclusively barring recovery? As to the latter question, the result which we reach makes unimportant any distinction there might be between the three cases.

[1] Relying upon our holding in B. & O. R. Co. v. Reeves, 10 F.(2d) 329, the railroad insists that it was error to submit to the jury whether the speed of the train was an element upon which a finding of negligence could be rested. The situation of this railroad crossing may well distinguish it from that involved in the Reeves Case. It was within the right of the jury to find that the character and extent of traffic on this highway (one of the great transcontinental highways under the adopted general plan), and the extent and kind of the obstacles, both artificial and natural, which obscured the view of a traveler approaching the track as Holbrook did, were in their composite effect such as to require the railroad to maintain some special warning signals at this crossing if it wished to run its train at the customary high speed, and that lacking such protection for highway travelers, the speed was negligent. The case in this respect is to be classified with Erie v. Weinstein (C. C. A.) 166 F. 271 (and see note page 72, 22 F.[2d]), rather than with Murphy v. Pa. R. R. (C. C. A.) 1 F.(2d) 929, and the Reeves Case.

[2] As to Holbrook's contributory negligence, the railroad insists that the case is covered by B. & O. R. Co. v. Goodman, 275 U. S. 66, 48 S. Ct. 24, 72 L. Ed. ——. We think not. Under the circumstances here existing, the jury had the right to find that Holbrook met the applicable "standard of conduct." His testimony is: He was driving a closed car—a Ford coupé—sitting on the left and with the window at his side down and open. He was entirely familiar with the crossing; at a distance of 15 or 20 feet from the rails and at a point where his view down the track towards his left was wholly obstructed, he stopped and looked and listened; he did not see nor hear the train, which was in fact approaching from that side; he had heard no whistle and no bell was ringing; there was a heavy fog, which prevented him from seeing any distance. As he started forward in low gear and was approaching the rail, the train appeared out of the fog 200 feet away. He endeavored to back out of danger, and barely failed. Goodman did not stop or look after he had reached a point where he could, and while he could do so effectively. Holbrook, after reaching that position, did stop, look, and listen; he could have taken no precaution in the way of looking which he did not take. It is, of course, true that in such a fog the traveler must ex-

ercise a degree of care appropriate thereto; yet where he cannot, by waiting or by changing his position, look effectively, then, to secure his safety, he must rely upon his sense of hearing. It does not appear that Holbrook's automobile engine was running noisily, nor that, with the window open as it was, he could not hear as well as if he stepped out of his car. It may seem very probable that, if he listened as he said he did, he would have heard the inevitable rattle and roar of the close-by train, unless his own engine had been noisy or his attention had been otherwise distracted; but, in the lack of further evidence, such probability did not require an instructed verdict.

The judgments in the three cases are affirmed.