SOUTHERN RAILWAY CO. *v.* WALTERS.

No. 52. Argued October 27, 28, 1931.—Decided November 23, 1931.

*Mr. Bruce A. Campbell,* with whom *Messrs. H. O'B. Cooper, Rudolph J. Kramer, L. E. Jeffries* and *S. R. Prince* were on the brief, for petitioner.

*Mr. Charles A. Lich,* with whom *Mr. Louis E. Miller* was on the brief, for respondent.

Mr. Justice Roberts delivered the opinion of the Court.

This action was instituted in a state court and removed to the District Court for Eastern Missouri. Respondent, the minor plaintiff, averred in his declaration, that as he was in the act of crossing defendant's track on Bond Avenue, East St. Louis, he was struck by a train and seriously injured. The negligence alleged was failure to sound a

bell or other signal when the train was approaching the crossing, failure to maintain a proper and sufficient lookout, and failure to comply with an order of the Illinois Commerce Commission requiring defendant to stop all trains and flag the crossing before they crossed Bond Avenue. The answer was a general denial.

At the trial both parties presented proofs, and at the close of the plaintiff's case, as well as at the conclusion of all the evidence, the defendant moved for a binding direction, which was refused. The trial judge withdrew from the jury's consideration all the specifications of negligence except that which charged a failure to stop the train and flag the crossing before proceeding over Bond Avenue. He charged the jury that if these precautions were omitted the verdict should be for plaintiff, but if they were observed, they should find for defendant. The jury found for the plaintiff, and on appeal the Circuit Court of Appeals affirmed a judgment entered upon that verdict. 47 F. (2d) 3. This Court granted certiorari. We need consider only whether upon the whole case defendant was entitled to a binding direction.

The tracks on which the accident occurred extend from the railway company's main line to a freight yard and run approximately north and south, almost parallel with, and some seventy-five feet west of, Eighth Street. Bond Avenue, which extends eastwardly and westwardly, crosses the tracks at a right angle. The train involved in the accident consisted of a locomotive running tender-first and pulling fifty freight cars in a northerly direction from the freight yard towards the main tracks.

The plaintiff called four adult witnesses who were at the scene of the accident, none of whom saw its actual occurrence. Each of them was to the east of the train and each first noticed the plaintiff lying to the west of it after the locomotive and several cars had completely crossed Bond Avenue.

The plaintiff, who was between five and six years of age at the time of the accident, testified that he was about to cross the railroad tracks from west to east and was struck by the front of the locomotive. He stated repeatedly that the train was coming from the north, whereas it is beyond question that it was coming from the south; and he described the portion of the locomotive which struck him as the front end which had the cowcatcher and headlight on it, although it is beyond question that the tender was in front. He twice denied that he saw the train before he was struck, then said he saw it half a block distant when he was on the first track (there were three tracks at this point and the train was on the easternmost) and did not see it again until just as he was struck. He did not testify whether or not the train stopped.

A boy, nine years old at the date of the occurrence, who was standing near the crossing, deposed that several boys traversed the tracks before the train reached Bond Avenue, and that the plaintiff, following these boys, was hit by it and thrown back. He stated there was a box car in front of the locomotive, and that the car had passed before the plaintiff received his injury. He probably confused the tender with a box car, and his description of the accident would indicate that the plaintiff collided with the side of the locomotive near the cab.

A girl, who was ten years old at the time of the accident, testified that she saw the occurrence from the vestibule of a school house located south of Bond Avenue and west of the railroad tracks. She stated that she was able to see what happened by looking through an aperture in a board fence caused by the falling down of a gate in the fence. The only gate to which her testimony could have referred was at a point so situated with reference to the crossing as to render it impossible for one standing where she was to see the crossing through the gateway. She says the locomotive struck the plaintiff, but does not say

what part of it came into contact with him. She also states that the train did not stop before entering upon the crossing.

Only one of the adult witnesses stated the train did not come to a stop.. She was a passenger in an automobile, traveling west on Bond Avenue, which was held up by the passing train. This testimony was shown to have no adequate foundation by her admission that ,when she first noticed the train the locomotive and several cars had crossed Bond Avenue.

It is argued that it may be inferred from the speed of the train when some of the witnesses observed it crossing other streets as well as Bond Avenue, and from a guess of the engineer as to the time required to get up such speed after a full stop, that none could have been made at Bond Avenue. But the argument amounts to mere speculation in view of the limited scope of the witnesses' observation, the down grade of the railway tracks at the point, and the time element involved. (Compare *Chicago, M. & St. P. R. Co.* v. *Coogan,* 271 U. S. 472.) Five witnesses for defendant testified that a full stop was made and the crossing flagged, and that no one was hit by the rear of the tender, which was the front of the train.

An examination of the record requires the conclusion that the evidence on the issue whether the train was stopped before crossing Bond Avenue was so insubstantial and insufficient that it did not justify a submission of that issue to the jury. *Gulf M. & N. R. Co.* v. *Wells,* 275 U. S. 455; *Kansas C. S. Ry. Co.* v. *Jones,* 276 U. S. 303; *New York Central R. Co.* v. *Ambrose,* 280 U. S. 486; *Gunning* v. *Cooley,* 281 U. S. 90, 93; *Atchison, T. & S. F. Ry. Co.* v. *Toops,* 281 U. S. 351.

There is no proof whatever that the alleged failure to stop before entering the crossing was the proximate cause of the plaintiff's injury. Such direct testimony as there is on his behalf indicates a collision between him and the side

of the train after the front part of it, which in this case was the rear end of the tender, had passed him; and all of the evidence both for plaintiff and for defendant is consistent with this view of what happened. It is clear that on this ground also a binding direction in favor of the defendant should have been given.

The judgment is reversed and the case remanded to the District Court for further proceedings in conformity with this opinion.

*Reversed.*

Mr. Justice Stone took no part in the consideration or decision of this case.