## RISTUCCI v. NORFOLK & W. RY. CO.
### No. 5940.

Circuit Court of Appeals, Sixth Circuit.
June 27, 1932.

W. S. Cowan, of Columbus, Ohio (Cowan, Adams & Adams, of Columbus, Ohio, on the brief), for appellant.

James I. Boulger, of Columbus, Ohio (Henry Bannon, of Portsmouth, Ohio, on the brief), for appellee.

Before HICKENLOOPER, MACK, and SIMONS, Circuit Judges.

MACK, Circuit Judge.

Petition, alleging diversity of citizenship, charged that an accident which occasioned injuries to plaintiff while he was engaged in defendant's employ, arose from the concurrence of two factors, each due to defendant's

negligence, the undue length of a swivel hook on a wrench supplied by defendant to plaintiff to enable him to close hopper car doors and a pronounced bend in an angle iron on the frame of a hopper car door, due to which the wrench slipped. From judgment on a directed verdict plaintiff prosecutes this appeal.

Plaintiff had been employed at closing hopper car doors for nine months before the accident. When closed, these doors lie in an inclined plane, thus constituting one side of a V-shaped section of the floor of the car, and swing open of their own weight when released from the catch that secures them. To raise them back into closing position, the wrench is used; it operates as a lever, resting on an angle iron projecting from the bottom of the car door. During the closing process, the wrench is kept in place by the swivel hook part which catches an attachment on the side of the car. After defendant had repaired several defects in the swivel hook of plaintiff's wrench, to which he had called attention, plaintiff told the foreman that "he couldn't use it as the hook was too long." It was repaired. That night he used it. The next night he measured it with his fellow worker's wrench, saw that it was "a little bit long," told the foreman that "it was still not right, still too long." He was directed to use it that night, the foreman stating that in the morning it would be repaired again. He followed instructions. Up to the time of the accident that night he had used it in closing the doors of some thirty-four cars; during that time, he says, "it was hard to fit and slow to work, didn't help but made him slow in the work"; "it was all right when he worked it, closed the doors without any trouble." But finally it did slip from one angle iron as he applied the pressure, although, as he testified, "if the flange had not been bent, I would have been able to close the door all right." When it slipped, he fell backward, suffering a fracture of the left leg (the rear leg as he stood braced), which doubled up under him.

While diversity of citizenship is alleged and no reference is made in the petition to the Ohio statutes, plaintiff contends that, under the evidence, his work at the time was intrastate commerce, and that, therefore, sections 6243 and 9017 of the General Code of Ohio, relating to defects in appliances, are applicable.

■■ It is, however, entirely clear from the testimony that there was no defect in the wrench as used that night. Even if, as claimed, the hook was too long, that additional length, under plaintiff's own testimony, did not make it defective; it operated properly on the many doors of thirty-four cars although, as plaintiff stated, it slowed up his work. Most important, however, is his statement that but for the condition of the flange, it would have continued to work properly.

The negligence, therefore, if any, was in the condition of the angle iron. As to that, while other employees testified that they had seen the car, the door, and the angle iron before and after the accident and that everything was in order, plaintiff testified that after his fall, he put his hand on the top of the angle iron (fourteen inches above the ground) in order to raise himself and thus felt that it was bent over an inch. Concededly he did not see the alleged bend; his conclusion as to the condition was based solely on his alleged grasping of the angle iron in order to lift himself up.

In our judgment, the trial judge, who witnessed a demonstration by plaintiff of the manner in which the accident occurred, correctly held this testimony incredible. As stated by him: "The plaintiff, under his own testimony, is five feet two inches tall. He is constructed with due proportion to that height, I would say. He has relatively, or proportionately short legs and short arms * * * his arms were extended toward the front and also raised at an angle. This would mean that as he placed pressure on the wrench in order to close the door he would be pulling away from the door and in a downward direction. His own testimony is that he was three feet from the door, three or three and a half, whichever it was, at least three feet, and he had to exercise considerable power and strength in order to accomplish the task which he was doing. This, to the mind of the court, would irresistibly mean that when he exercised that pressure, and it slipped off, that he would fall backward and downward, both backward and downward, and his downward fall would explain the crushing of his leg. That leg, when in a standing position, was at the rear, and when he fell backwards and downwards, his whole weight, superinduced by the power he was exercising on the handle, would throw him backward and downward and in the position in which he must have been when he reached the ground, thus breaking the bones of his leg. With those short arms, the court is unable to see how he could, by any possibility, have reached the flange of the angle iron in order to grasp it, for the purpose of pulling himself forward and up-

ward, either one, and if he reached it at all in order that he could grasp it, he certainly would have had to propel his body forward from where it hit before that could be accomplished, and this he does not claim in his testimony to have taken place."

Concurring as we do in his conclusion that the physical situation precludes all belief in plaintiff's testimony on this vital matter, we find the record devoid of any substantial evidence of negligence. The direction of a verdict for defendant was therefore properly given. Southern Ry. Co. v. Walters, 284 U. S. 190, 52 S. Ct. 58, 76 L. Ed. 239.

It thus becomes unnecessary to consider other questions raised, such as causal connection and assumption of risk; likewise we need not determine whether the Ohio or the Federal Employers' Liability Act (45 USCA. §§ 51–59) is applicable since under neither could there be a recovery in the absence of proof of some defect as the cause of the accident. See Atchison R. Co. v. Saxon, 284 U. S. 458, 52 S. Ct. 229, 76 L. Ed. 397.

The provision in section 9018 of the Ohio statutes (Gen. Code), urged by plaintiff, requiring all questions of negligence to be submitted to a jury, is not applicable in an action brought in the federal courts. Herron v. So. Pac. Co., 283 U. S. 93, 51 S. Ct. 383, 75 L. Ed. 857; Nash v. Pennsylvania R. Co., 60 F.(2d) 26, decided this day by this court.

Judgment affirmed.