### STRIDER v. PENNSYLVANIA R. CO.
### No. 5910.

Circuit Court of Appeals, Sixth Circuit.
June 27, 1932.

238

Amos P. Foster, of Cincinnati, Ohio (Laurence J. Williamson, of Cincinnati, Ohio, on the brief), for appellant.

Gregor B. Moormann, of Cincinnati, Ohio (Maxwell & Ramsey, of Cincinnati, Ohio, on the brief), for appellee.

Before MOORMAN, HICKENLOOPER, and SIMONS, Circuit Judges.

HICKENLOOPER, Circuit Judge.

Plaintiff in the court below appeals from a judgment entered upon a verdict for the defendant, directed at the close of all the evidence, in an action wherein she sought to recover for the alleged wrongful death of her ·intestate. On November 21, 1928, decedent was riding·as a passenger or guest in the automobile of a friend, when it was struck by one of defendant's trains at the grade crossing of Guinea road east of the unincorporated village or hamlet of Branch Hill, approximately twenty miles north of the city of Cincinnati. Both occupants of the automobile were instantly killed. The negligence alleged in the petition was in failing to give the statutory warning required by Ohio General Code, § 8853, that is, failure to sound the whistle at a distance of at least 80 and not farther than 100 rods from the crossing, and failure on behalf of the defendant to take extrastatutory precautions, such as by maintaining flash signals, warning bell, gates, or watchman, for which the necessity was said to have arisen from the peculiarly heavy traffic on this road and obstructions to the view of approaching trains.

We have carefully reviewed the evidence and fail to find any substantial support for the latter contention. It is true that there was a slight embankment on each side of the defendant's right of way, but at the time of day and year of the accident in question the traffic was no heavier than upon the or-dinary country crossing, and it is practically undisputed that, when within 15 feet west of the west rail of the south-bound track (decedent was approaching from the west when struck by a south-bound train), travelers upon the highway had an unobstructed view of approximately 1,000 feet of the track to the north. The decision in the instant case must therefore depend upon whether there was substantial evidence of negligence, proximately causing the injury, other than failure to ·take extrastatutory precautions. Grand Trunk Ry. Co. v. Ives, 144 U. S. 408, 421, 12 S. Ct. 679, 36 L. Ed. 485; Evans v. Erie R. Co., 213 F. 129 (C. C. A. 6); Murphy v. Pennsylvania R. Co., 1 F.(2d) 929 (C. C. A. 6). And compare Pennsylvania R. Co. v. Stegaman, 22 F.(2d) 69 (C. C. A. 6).

It was also suggested by counsel for the defendant at the oral argument, although the point is not briefed, that the doctrine of Baltimore & O. R. Co. v. Goodman, 275 ·U. S. 66, 48 S. Ct. 24, 72 L. Ed. 167, 56 A. L. R. 645, must be held to apply to the instant case notwithstanding the doctrine of imputed negligence is not accepted by this court as a doctrine of general law. See Commercial Electric Supply Co. v. Greschner (C. C. A.) 59 F.(2d) 512, this day decided; Wabash Ry. Co. v. Walczak, 49 F.(2d) 763 (C. C. A. 6). No one testified to having seen the automobile immediately before it passed upon the track save one witness for the defendant, and his testimony was so confused and contradictory as to be worthy of but slight credence. Both occupants of the automobile were intimately familiar with the crossing and both must have known the danger. Thus it was argued that, had the slightest precaution been taken by either occupant, the approach of the train must have been discovered in time to prevent the collision. It must be conceded that even a passenger in an automobile is under the duty of exercising reasonable care upon approaching a railroad crossing, but we have held that ·this duty extends no further than to caution the driver or otherwise exercise such care as a' reasonably prudent person would have exercised under the same or similar circumstances. Wabash Ry. Co. v. Glass, 32 F.(2d) 697 (C. C. A. 6). The burden of proving contributory negligence was upon the defendant, and, under all the circumstances of the instant case, we do not think that it necessarily must be inferred that the plaintiff's intestate did· not do all that reasonable care required of a guest or passenger. The most that can be said is that such an inference

would have been permissible had the case gone to the jury.

▮ The point principally urged by the defendant is that there was a total lack of substantial evidence to show negligence. The plaintiff called two witnesses, one of whom testified that she did not hear the whistle but did hear the bell. She was standing some 50 feet from the crossing and facing away from it, and there was nothing to indicate that she was listening for a crossing whistle or other warning. The other witness had stopped his automobile at the crossing to permit a north-bound freight train to pass, after which he crossed in safety, and he too testified that he did not hear the whistle, "but did not say there wasn't any blown." Having already crossed the tracks, presumably this witness also was no longer listening or waiting for such a warning. The testimony of both of these witnesses was purely negative, merely affording possible ground for an inference that the whistle had not been blown, but which, as we said in American Oil Co. v. Frederick, Adm'x, 47 F.(2d) 54, 56 (C. C. A. 6), "lost its substantial character, if any it had, when the defendant's evidence was presented."

We do not think that this case calls for an application of the doctrine of Begert v. Payne, 274 F. 784 (C. C. A. 6), that, if substantial evidence be introduced by plaintiff, which is sufficient to take the case to the jury, no amount of contradictory evidence will authorize the trial court to direct a verdict, for this assumes the very question here to be decided, viz. the substantial character of the evidence. The instant case seems quite as clearly to require a directed verdict as Southern Railway Co. v. Walters, 284 U. S. 190, 52 S. Ct. 58, 76 L. Ed. 239, even were we not to apply the doctrine, apparently favorably regarded by the Supreme Court, that a verdict should be directed whenever the evidence is "of such conclusive character that if a verdict were returned for one party, whether plaintiff or defendant, it would have to be set aside in the exercise of a sound judicial discretion." Small Co. v. Lamborn, 267 U. S. 248, 254, 45 S. Ct. 300, 303, 69 L. Ed. 597. Compare, also, Baltimore & O. R. Co. v. Groeger, 266 U. S. 521, 524, 45 S. Ct. 169, 69 L. Ed. 419; Chicago, M. & St. P. R. Co. v. Coogan, 271 U. S. 472, 478, 46 S. Ct. 564, 70 L. Ed. 1041; Chesapeake & O. Ry. Co. v. Martin, 283 U. S. 209, 214, 51 S. Ct. 453, 75 L. Ed. 983; Gulf, M. & N. R. Co. v. Wells, 275 U. S. 455, 459, 48 S. Ct. 151, 72 L. Ed. 370;

Atchison, etc., Ry. Co. v. Toops, 281 U. S. 351, 354, 355, 50 S. Ct. 281, 74 L. Ed. 896; and Gunning v. Cooley, 281 U. S. 90, 94, 50 S. Ct. 231, 74 L. Ed. 720.

Affirmed.