## CALLOWAY v. PENNSYLVANIA R. CO.
### SCHEETZ v. SAME.
### Nos. 3336, 3337.

Circuit Court of Appeals, Fourth Circuit.
Nov. 29, 1932.

Howard D. Matthews, of Wheeling, W. Va. (Patrick J. McGuire, of Wellsburg, W. Va., and G. Alan Garden, of Wheeling, W. Va., on the brief), for appellants.

Russell G. Nesbitt, of Wheeling, W. Va. (Frank W. Nesbitt, of Wheeling, W. Va., on the brief), for appellee.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

NORTHCOTT, Circuit Judge.

These actions were begun in the circuit court of Brooke county, W. Va., and were removed on account of diverse citizenship, by the defendant, to the District Court of the United States for the Northern District of West Virginia.

The appellants, who were plaintiffs below, sought to recover damages for injuries resulting from an accident occurring at a public crossing, in the city of Wellsburg, where the railroad of the defendant crosses at grade a public street of said city. The plaintiff Scheetz was driving an automobile at the time of the accident, and plaintiff Calloway, who owned the car, was seated beside her and was also keeping a lookout.

Both actions were tried jointly, and at the conclusion of the evidence the trial judge directed a verdict for the defendant in both cases. From this action of the court this appeal was brought.

At the point where the accident occurred, two tracks of the defendant crossed the street, a main line track and a switch track. The two tracks were parallel and very close together. Automatic electric signal lights were maintained at the crossing by the defendant, but these lights were connected with the main track only and not with the switch. There was an electric street light suspended from a pole at one corner of the street. The accident occurred at about 9:30 p. m. on February 22, 1931. At the time of the accident, the railroad engine, without any cars attached, was running on the switch at a speed of from three to five miles an hour. The evidence was conclusive that the automobile struck the railroad engine when the engine was more than halfway across the street. There were seven passengers in the car, four on the back seat and three, including the driver, on the front seat.

Viewing the evidence, as we must, in the light most favorable to the plaintiffs, we are yet of the opinion that they were guilty of contributory negligence. One of the plaintiffs was driving the car and the other plaintiff, the owner of the car, was sitting on the front seat next to the driver, and had equal opportunity as the driver to see what was happening. Both said they were looking out for the train at the crossing.

While the evidence was conflicting as to whether the bell of the railroad engine was being rung, it is conclusive that its headlight was burning. It was admitted that the whistle had not been blown, yet under the great weight of authority this does not absolve the plaintiffs of the duty to use due care in crossing the railroad tracks. Dernberger v. Baltimore & O. R. Co. (C. C. A.) 243 F. 21; Chicago, R. I. & P. Railroad Company v.

Houston, 95 U. S. 697, 24 L. Ed. 542; R. A. Abernathy, Administrator v. Southern R. Co., 164 N. C. 91, 80 S. E. 421; Cork Treadwell, Administrator of Henderson Treadwell, deceased, v. Atlantic Coast Line Railroad Company, 169 N. C. 694, 86 S. E. 617; Neininger v. Cowan (C. C. A.) 101 F. 787; Beyel v. Newport News & M. V. R. Co., 34 W. Va. 538, 12 S. E. 532.

This court has had occasion in a number of decisions to discuss the points involved in railroad crossing accidents. Chesapeake & O. R. Co. v. Waid (C. C. A.) 25 F.(2d) 366; Auvil v. Western Md. R. Co. (C. C. A.) 19 F.(2d) 30; Atlantic C. L. R. Co. v. McLeod (C. C. A.) 11 F.(2d) 22; Kilmer et al. v. N. & W. R. Co. (C. C. A.) 45 F.(2d) 532; McNabb v. Virginian R. Co. (C. C. A.) 55 F. (2d) 137, 138.

As we said in the latter case: "Assuming that the evidence was sufficient to carry the case to the jury on the issue of negligence, we think that plaintiff was unquestionably barred of recovery by his contributory negligence and that verdict was properly directed against him. We think it clear in the light of the evidence that, if plaintiff had looked before stepping in front of the approaching locomotive, he could unquestionably have seen it in time to have avoided being struck, and his injury is therefore to be attributed to his own negligence in stepping in front of the locomotive without taking proper precautions."

The Supreme Court in the case of Baltimore & O. R. Co. v. Goodman, 271 U. S. 658, 46 S. Ct. 632, 70 L. Ed. 1136, lays down the degree of care that should be exercised by an automobile driver crossing a railroad track, and the recent case of Southern R. Co. v. Walters, 284 U. S. 190, 52 S. Ct. 58, 59, 76 L. Ed. 239, holds that a directed verdict for the railroad company should have been had where a child ran into a train at a crossing.

In that case Mr. Justice Roberts said: "Such direct testimony as there is on his behalf indicates a collision between him and the side of the train after the front part of it, which in this case was the rear end of the tender, had passed him; and all of the evidence both for plaintiff and for defendant is consistent with this view of what happened.

It is clear that on this ground also a binding direction in favor of the defendant should have been given."

As to the effect of the fact that the warning signals were not working because not connected with the switch track over which the railroad engine was moving, we are of the opinion that this does not relieve one about to cross the tracks from the duty to use due care.

"Neither open gates nor failure of the railway company to give signals at a railway crossing relieves one about to cross the tracks from the duty to use due care to look and listen for an approaching train." Atchison, T. & S. F. R. Co. v. McNulty (C. C. A.) 285 F. 97, 100, certiorari denied 262 U. S. 746, 43 S. Ct. 521, 67 L. Ed. 1212.

See, also, Union Pacific R. Co. v. Rosewater (C. C. A.) 157 F. 168, 15 L. R. A. (N. S.) 803, 13 Ann. Cas. 851; Delaware, L. & W. R. Co. v. Welshman (C. C. A.) 229 F. 82, L. R. A. 1916E, 816; Lang v. Byram (C. C. A.) 35 F.(2d) 489.

In the case of Canadian Pacific R. Co. v. Slayton (C. C. A.) 29 F.(2d) 687, 689, Judge Manton said: "When a driver approaches a crossing which has open gates, and is unaware that it is not operated at all times, there is an invitation extended to him to cross, with an implied assurance that no train is approaching which he may to some extent rely upon; but, of course, he still has a duty of doing what a prudent man would do under like circumstances."

From the circumstances and the evidence, it seems to us that, had the plaintiffs used even the slightest degree of care before starting across the tracks, they could have avoided the accident. They could at least have avoided running into the railroad engine running at the very slow speed at which it was running at the time.

Applying the principles laid down in crossing accident cases, by the overwhelming weight of authority, we reach the conclusion that the contributory negligence of the plaintiffs was so clearly established that it was not a matter to be passed on by a jury, and the action of the trial judge in directing a verdict for the defendant was proper. The judgment of the court below is accordingly affirmed.