John H. McNeal, of Cleveland, Ohio, for appellant.

C. O. Chandler, of Cleveland, Ohio (McGowan, Foote, Bushnell & Burgess, of Cleveland, Ohio, on the brief), for appellee.

Before HICKS, HICKENLOOPER, and SIMONS, Circuit Judges.

PER CURIAM.

Suit for damages for personal injuries. The question is whether the court erred in granting appellee's motion for a directed verdict.

On November 28, 1930, about 5:15 o'clock a. m., and before daylight, appellant, a taxicab driver, was injured when his car collided with the engine of a freight train at the intersection of Bowman street and appellee's double track railroad in Mansfield, Ohio. A passenger in the car was instantly killed.

Bowman street runs about north and south. Appellee's railroad tracks crossed Bowman street in a general east and west direction. The center line of the track of the Baltimore & Ohio Railroad intersected the street 340 feet south of the center line of appellee's tracks. Appellant, driving northwardly on Bowman street, stopped at the Baltimore & Ohio crossing, lowered the windows of his car, and with the "dimmer" lights on, and the windshield cleaner working, proceeded along the street up a grade

of about 3 per cent. toward the tracks of appellee. He stopped about 10 feet from the southerly or east-bound track. He testified that he listened, looked east and west, and neither heard nor saw the approaching train. There is evidence tending to show that the morning was very foggy. Under normal conditions, had appellant looked toward the east from this point, he could have seen the headlight of the train at a distance of 250 to 500 feet. But he testified that the fog was so heavy that with the aid of his lights he could barely see 30 or 40 feet along the ground ahead of him, and that he could not see over 15 feet along the track to the east. Under these circumstances with his motor running he stood still for half a minute and then drove on in first speed across the southerly track. Then he shifted into second and entered upon the northerly west-bound track, about 18 feet from where he had stopped, when his car was struck by some portion of the pilot beam of the engine of a west-bound freight train.

Appellant insists that the fog created an exceptional condition which as a matter of law excused him from the "standard of conduct" set forth in Baltimore & O. R. R. Co. v. Goodman, 275 U. S. 66, 70, 48 S. Ct. 24, 72 L. Ed. 167, 56 A. L. R. 645, and left to the jury the question as to whether he was in the exercise of due care. Appellant relies upon Norfolk & Western Ry. Co. v. Holbrook, 27 F.(2d) 326 (C. C. A. 6). We do not so understand the Holbrook Case. There the court said: "It is, of course, true that in such a fog the traveler must exercise a degree of care appropriate thereto; yet where he cannot, by waiting or by changing his position, look effectively, then, to secure his safety, he must rely upon his sense of hearing."

It does not appear that appellant's hearing was impaired, and he was charged as a matter of law with hearing whatever there was to be heard. Kinghorn v. Penna. R. Co., 47 F.(2d) 588, 591 (C. C. A. 2). The evidence of what Holbrook should have heard was lacking. The evidence of what appellant should have heard is beyond dispute. While his car was standing only 18 feet from the east-bound track, its windows were down and its motor running quietly. There were no interfering noises.

The distance from Bowman street to High street, the first crossing east, is 449 feet, and to Miller street, the second crossing east, is 975 feet. The crossing of Spring Mill street is still farther east. The train consisted of 47 loaded cars and 20 empties. As it approached the Bowman street crossing it was running up grade at about thirty miles per hour. The engine was exhausting; the engineer was giving it all the power he could. There was the usual rattle and noise of a train so running. The customary signals had been blown for each of the street crossings above mentioned. The automatic bell on the engine had been ringing continuously from the time the train had entered Mansfield. The conclusion is irresistible that, if appellant had listened with ordinary care, he would have heard the approaching train, and the judgment, therefore, must be affirmed.