**CINCINNATI, N. O. & T. P. RY. CO. et al. v. ELLER.**

**No. 11455.**

United States Court of Appeals
Sixth Circuit.

June 10, 1952.

Martin, Circuit Judge, dissented.

Ben D. Smith, Somerset, Ky. (Carl M. Jacobs, Cincinnati, Ohio, Bradley & Bradley, Georgetown, Ky., Ben D. Smith, Somerset, Ky., on the brief), for appellant.

J. Milton Luker, London, Ky. (Luker & Tooms, and J. Milton Luker, London, Ky., J. S. Sandusky, Somerset, Ky., on the brief), for appellee.

Before SIMONS, Chief Judge, and ALLEN and MARTIN, Circuit Judges.

SIMONS, Chief Judge.

The appellant assails a judgment for damages resulting from the death of the appellee's decedent who was killed by the appellant's railroad train at a grade crossing, in Kentucky, on the night of March 31, 1950. Issues perceived are whether there was substantial evidence to support the charge of negligence by the operators of the train, contributory negligence on the part of the decedent, and a causal relation between the alleged negligence and the decedent's death. There is some dispute as to evidentiary facts but the principal controversy revolves about permissible inferences to be drawn from them.

The accident occurred at a grade crossing in Elihu about 10:30 at night. There, double railroad tracks traverse a north and south right-of-way over an unlighted and unguarded highway running east and west. The southbound track is the west track and the northbound track is the east. 1031 feet south of the highway both tracks curve west. Shortly before the accident, the decedent was seen walking eastwardly on the highway toward the crossing, apparently to his sister's home beyond it. He had crossed the southbound track and had arrived at a point east of the northbound track when he was struck by the appellant's northbound freight train. There is evidence that immediately or a short time before the northbound train arrived at the crossing, a southbound train had passed it on the west track. The northbound train consisted of sixty-three freight cars drawn by two Diesel engines, the first of which consisted of three Diesel units. The train was stopped after the accident while half-way across the road, where it was later split in two to unblock the highway. The decedent's body was found directly east of the track on the north edge of the crossing road.

Prior to the accident, the decedent was in good health, with normal hearing and vision. The headlight on the northbound train was burning and if the view were not obstructed could be seen by a person standing at the crossing from the time the engine rounded the curve but would not illuminate the crossing until it was 135 feet from it. There are no permanent obstructions from the crossing to the curve and there is cumulative evidence by witnesses living in the vicinity and testifying for plaintiff that the noise and vibration of the train could be heard and felt for a distance of a quarter mile. There were no eye-witnesses to the actual impact. The engineer of the forward Diesel testified that as the train approached the crossing, the decedent was on the east side of the northbound, track, facing the train, and in a place of safety, but that he swayed backward and

654

then forward against the side of the train; that he was not hit by the engine but collided with its side. The only specification of negligence relied upon at the trial was that the train failed to blow its whistle or ring its bell, as required by Kentucky law, Ky.Rev.Stats., 277.190, when at least 50 rods from the place where the track crosses at the same level as the highway. Amburgy's Adm'x v. Chesapeake & Ohio Ry. Co., 272 Ky. 571, 114 S.W.2d 1093.

 Though the evidence, in respect to the bell and whistle, was sharply disputed, we are obliged under familiar rules to accept the appellee's evidence that no whistle was blown, nor bell rung, within the statutory distance from the crossing. We must also accept an implicit finding of the jury that there was no contributory negligence on the part of the decedent. Under Rule 8(c) of the Rules of Civil Procedure, 28 U.S.C.A., contributory negligence is an affirmative defense, and so must be pleaded, as it was. Palmer v. Hoffman, 318 U.S. 109, 63 S.Ct. 477, 87 L.Ed. 645. The rule does not, however, shift the burden of proof from where state substantive law has placed it. Fort Dodge Hotel Co. v. Bartelt, 8 Cir., 119 F.2d 253. Freedom from contributory negligence is not under Kentucky law part of the plaintiff's case but must be pleaded, and proved by the defendant. Davis' Adm'r v. Ohio Valley Banking & Trust Co., 127 Ky. 800, 106 S.W. 843, 15 L.R.A.,N.S., 402, Strong v. Louisville & Nashville R. Co., 240 Ky. 781, 783, 43 S.W.2d 11.

There remains, however, the issue as to whether there was substantial evidence to establish causal relation between the railroad's negligence and the accident. There is no direct evidence in the record and the jury's implied finding upon this element of liability may only be sustained, if at all, by inference. It is clear from the evidence that a northbound train can, under ordinary circumstances, be seen and heard as it approaches the crossing for a distance of over a thousand feet. It would, therefore, appear that regardless of any failure to sound the bell or blow the whistle, the decedent with normal sight and hearing must have been aware of the approach of the train, and absence of these warnings was not the direct or proximate cause of the accident, unless the circumstances were such that it was impossible to see or hear the train. Such circumstances are here relied upon. It is urged that the passing of the southbound train immediately prior to the approach of the northbound train drowned the noise of the northbound train and obstructed the decedent's view so that he was not aware of its approach until too late to avoid it and, as a result, was struck by the engine and killed.

 This inference is, however, negated by the uncontroverted evidence of appellee's engineer, and fireman, both of whom testified that the decedent was standing east of the northbound track in a place of safety and that the front of the locomotive did not hit him, both observing him east of the track when the train pulled out of the curve and hit the straight-of-way. If we should assume, however, that by reason of their appearance, the manner of their testifying, or for any other reason, the jury was warranted in disbelieving their evidence, the physical circumstances, which support their testimony is not so easily disposed of. The evidence is both clear and cumulative, that the decedent's body was found upon the highway a short distance east of the track.[1] This establishes, beyond peradventure, that he had not been struck by the front part of the engine but, on the contrary, had completed his crossing of the railroad tracks, was in a place of safety, and must necessarily have been aware of the approach of the train and the omitted warning signals could have added nothing to that awareness and, so, failure to give them was not the proximate cause of his death. This physical situation precludes, even if we disregard the oral evidence, the reasonableness of an inference that the decedent was unaware of the approach of the train by reason of the failure of the railroad to give the statutory warning, Ristucci v. Norfolk & W. R. Co., 6 Cir., 60 F.2d 28, 30.

1. There was no post-mortem and no medical evidence. It is, therefore, impossible to say what injuries the decedent received and which led to his death.

In Southern Ry. v. Walters, 284 U.S. 190, 194, 52 S.Ct. 58, 59, 76 L.Ed. 239, the Supreme Court adjudicated a case which bears many points of resemblance to that here presented. There it was said:

"There is no proof whatever that the alleged failure to stop before entering the crossing was the proximate cause of the plaintiff's injury. Such direct testimony as there is on his behalf indicates a collision between him and the side of the train after the front part of it, which in this case was the rear end of the tender, had passed him; and that all of the evidence both for plaintiff and for defendant is consistent with this view of what happened. It is clear that on this ground also a binding direction in favor of the defendant should have been given."

We follow the disposition there made. The case has been cited with approval in Galloway v. United States, 319 U.S. 372, 389, Note 19, 63 S.Ct. 1077, 87 L.Ed. 1458, and Howell Turpentine Co. v. Commissioner of I. R., 5 Cir., 162 F.2d 319, 325.

The judgment is reversed and the case remanded to the district court for proceedings in conformity herewith.

MARTIN, Circuit Judge (dissenting).

I am not in accord with the reversal by this court of the judgment entered in the District Court on the verdict of the jury. I think there is substantial evidence to support the verdict and that the judgment entered thereon should be affirmed.

The opinion of the majority of the court fails, in my view, to apply the established principles stated in Lavender v. Kurn, 327 U.S. 645, 653, 66 S.Ct. 740, 744, 90 L.Ed. 916, that the function of the appellate court is exhausted when the evidentiary basis for the verdict of a jury becomes apparent, "it being immaterial that the court might draw a contrary inference or feel that another conclusion is more reasonable."

This principle was reiterated by the Supreme Court in Myers v. Reading Company. 331 U.S. 477, 485, 486, 67 S.Ct. 1334, 91 L. Ed 1615, wherein, in a unanimous opinion, the judgment entered for defendant *non obstante verdicto* was reversed. Again, in Wilkerson v. McCarthy, 336 U.S. 53, 55, 69 S.Ct. 413, 93 L.Ed. 497, the Supreme Court adhered to and applied the doctrine of Lavender v. Kurn. See also opinions of this court which did likewise. Highfill v. Louisville & Nashville R. R. Co., 6 Cir., 154 F.2d 874; Pennsylvania R. R. v. Goldie, 6 Cir., 182 F.2d 9, 11; Pennsylvania R. R. Co. v. Roth, 6 Cir., 163 F.2d 161, 165; Hutchins v. Akron, Canton & Youngstown R. Co., 6 Cir., 162 F.2d 189, 192; Keith v. Wheeling & L. E. Ry. Co., 6 Cir., 160 F.2d 654. It may be well to cite carefully developed opinions from two other courts of appeals, applying the doctrine. Reck v. Pacific-Atlantic S. S. Co., 2 Cir., 180 F.2d 866, 868; and Fritz v. Pennsylvania R. R. Co., 7 Cir., 185 F.2d 31, 34.

Even if it were not for the pronouncements in Lavender v. Kurn, there would be, in my judgment, controlling opinions of the Supreme Court clearly indicating that the judgment in the instant case should be affirmed. See Tennant v. Peoria & P. U. Ry. Co., 321 U.S. 29, 64 S.Ct. 409, 88 L.Ed. 520; Tiller v. Atlantic Coastline R. Co., 318 U.S. 54, 63 S.Ct. 444, 87 L.Ed. 610; and Bailey v. Central Vermont Ry., 319 U.S. 350, 63 S.Ct. 1062, 87 L.Ed. 1444.

This dissenter desires again to express his firm individual juristic conviction that the courts should be most careful not to substitute their reasoning for that of the jury in determining the issue of the proximate cause of an accident. In my view, it fell within the scope of the jury, on the evidence of record in this case, to determine this issue finally, there being, in my judgment, substantial evidence to support the conclusion of the jury.